Per Curiam.

The affidavit in this case varies from the form prescribed, and which has been constantly adhered to. It states the origin of the cause of action argumentatively, and though it is sufficient to show that the first act creating the defendant’s liability arose in Columibia, it by no means establishes, that the goods were sold . , „ , , ° there; and if they were not, then the cause of action did not wholly arise in Columbia. We have an equitable power over venues, and we ought so to exercise it, as to promote the convenience of suitors, and to save expense to the parties. In actions perfectly transitory, and arising on contracts, we will not permit the plaintiff, by a stip *453 ulation, to retain the venue, where the defendant will satisfy us that he has witnesses material to his defence in a distant county. In this case the defendant has shown that fact; and unless the plaintiff can make affidavit that he has witnesses residing in the county in which he has laid the venue, it must be changed ; if he show this, then his right to lay the venue where he elects, and where he has witnesses, cannot yield to the defendant’s convenience.
At a subsequent day, the plaintiff produced an affida~ vit that he had witnesses residing in New-York, and was thereupon, permitted to retain the venue.