*317
 
 Pearson, J.
 

 Where there is a voluntary escape, the sheriff is guilty of a wilful tort and breach of duty, whereby he becomes liable under- the statute for the amount “ mentioned in the execution, and damages for detaining the same.” If the creditor afterwards receives his money from the debtor, this extinguishes his cause of action, and of course he cannot look to the sheriff and have the debt paid a second time. But it is insisted, that if the creditor endeavors to make the money out of the debtor, by “ affirming” him in execution and forcing him to discharge his body under the insolvent laws, although the creditor does not receive one cent of his debt, the mere act of affirming the debtor in execution is a waiver of the creditor’s cause of action against the sheriff.
 

 If this be so, it greatly curtails the rights of the creditor under a statute which was made for his benefit, and enables the sheriff to take him at a disadvantage, and evade that responsibility which the statute imposes as a punishmént for a wilful wrong; for the sheriff, without concluding himself as to the fact of an escape, is allowed to say to the creditor, “if you affirm the debtor in execution, you do so at the risk of forfeiting your remedy against me. If you do not affirm him in execution, it is my duty to discharge him, and you take the risk of being able to prove the escape !”
 

 When the creditor, after failing to make his debt out of the debtor, sues the sheriff, and the defense is put on the ground that he affirmed him in execution, it is trifling with him to say he had notice of the escape; for he may know many things that he is not able to prove; and this matter was peculiarly within the knowledge of the sheriff, and he no doubt can prove it if it becomes his interest to do so, Besides, why should the creditor be required to decide what in law amounts to an escape, which may be a very difficult question. This case furnishes a very apt illustration; the defense was, at first, put on the ground that the facts which the creditor was then able to prove, did not in law amount to an escape, and it was so held by this Court.
 
 Currie
 
 v. Worthy, 2 Jones’ Rep. 104. On the second trial, the plaintiff having succeeded in
 
 *318
 
 procuring testimony enough to prove an escape, the defense is then put on the ground, that by affirming the debtor in execution, the remedy against the sheriff was forfeited! This is not right.
 

 It remains to be seen whether there is any principle of law which leads to this result; or whether the doctrine is fixed by adjudicated cases.
 

 It is a well-settled principle, that if a «’editor consents to release from prison a debtor, who is in under execution, the
 
 debt
 
 is thereby discharged; and it was formerly the law, as understood about the reign of Queen Elizabeth, that a voluntary escape' of a prisoner, in execution, completely discharged him from the debt; so that neither the plaintiff nor the sheriff could retake him. This was upon the idea that a creditor, by suing out a
 
 capias ad satisfaciendum,
 
 took the body of the debtor to
 
 satisfy
 
 his
 
 debt,
 
 and it was thereby satisfied, notwithstanding the escape; the sheriff could not retake him, because he had consented to the escape; and the creditor could not, because his debt was satisfied : the sheriff, on consenting to the escape, being supposed to act as the agent of the creditor, to whom he was responsible for the debt. This view of the law, in regard to the rights of the creditor, has been since greatly changed by the Courts. In the time of Charles the II, and of William and Mary, it was hold that after a voluntary escape, the creditor was entitled to a
 
 new process
 
 against the debtor, and was not confined exclusively to his remedy against the sheriff, who might, perhaps, be unable to indemnify him. 2 Mod. Rep. 136; 1 Lev. 211; 1 Salk. 271. So, in 1 Rolle’s Abrgt. 901, 902, it was resolved “ if A be in execution at the suit of B, and escape with the consent of the sheriff, and afterwards he return, or the sheriff retake him, he shall be again in execution to B; for although B may bring an action against the sheriff for this voluntary escape, yet this is at his election, and it may be that the sheriff is incompetent to make recompense.” It obviously could make no difference whether the debtor was retaken by new-process, or returned voluntarily, as his return made it unneces
 
 *319
 
 sary to take out new process. So, it was held, that if after a voluntary escape, the debtor returns, and is delivered over by the sheriff to his successor in office, and there is a second voluntary escape, the creditor may sue either the old or the new sheriff. 2 Lev. 109, 132; 6 Mod. Rep. 182. Many other instances might be referred to, to show that the Courts gradually discarded the old notion that the body of the debtor was taken to satisfy the debt. Our insolvent laws put the matter upon entirely a different footing; and the writ of
 
 capias ad satisfaciendum
 
 is treated merely as one mode of compelling the debtor to satisfy the debt, and a means of subjecting property which is fraudulently concealed, or which, from its nature, cannot be reached by a
 
 fipri facias.
 
 These statutory provisions establish a now principle, and there is no kind of inconsistency in allowing a creditor to try to get his debt by holding his debtor in execution, and, failing in that, then to have recourse to the remedy which the statute has provided for him against the sheriff, if he can prove a voluntary escape. Upon what ground can the sheriff object to the creditor’s endeavor to make as much as he can out of the debtor? All that is obtained in this way operates
 
 pro tanto
 
 as a discharge of the sheriff. So it is really for his benefit that the creditor shall proceed against the debtor.
 

 There is no case in this State which establishes a different doctrine; and the counsel for the defendant, in a very elaborate argument, was unable to cite a single case, either in England or the United States, in which it is decided that a creditor, by affirming his debtor in execution, loses his remedy against the sheriff. It is true there are some general remarks in the cases which look that way, but these dicta do not fix the law; and I will take occasion to say, that the habit in which Judges, particularly on this side of the Atlantic, indulge, of writing
 
 dissertations
 
 instead of confining themselves to the point presented by the case, which is done either to display their learning or to save others from the trouble of thinking, so far from tending to fix tire law,, tends to unset-
 
 *320
 
 tie it, and create confusion. We concur with the opinion of Iiis Honor, in the Court below.
 

 The defendant’s counsel insisted that interest ought not to have been allowed, and relied on
 
 Lash
 
 v. Ziglar, 5 Ire. Rep. 702. It is there so decided. The Court say,
 
 u
 
 we are of opinion, from several decided cases in New York, on statutes
 
 similar to our
 
 own, that the plaintiff cannot have interest by way of damages, after the date of the judgment against Martin, although he might have had interest against Martin himself, up to the payment of the judgment.
 
 Thomas
 
 v.
 
 Weed,
 
 14 John. 255 ; 2 John. 453; 1 Wendell 401.”
 

 We have examined the case of
 
 Littlefield
 
 v.
 
 Brown,
 
 1 Wendell 401. The Court say, on the question of interest, “ the statute (1 R. L. 425, sec. 19,) makes the sheriff answerable
 
 for the debt mid damages
 
 for which the prisoner was committed. This was so decided in
 
 Rawson
 
 v.
 
 Dole,
 
 2 John. 454, and in
 
 Thomas
 
 v.
 
 Weed,
 
 14 John. 255, where it is stated that the plaintiff had his election to bring debt upon the statute, and recover what the statute gives, &c.” By reference to our statute it will be seen that it gives “ all such sums of money as are mentioned in the
 
 execution,
 
 and
 
 damages
 
 for
 
 detaming
 
 the same.” Rev. Stat. ch. 109, sec. 20. So, the wording of our statute is not
 
 similar
 
 to the New York statute, but is essentially different. This was evidently an inadvertence on the part of the Court, caused by not referring to our statute. The plaintiff is entitled to interest against the sheriff', up to the time of the payment of the judgment, in the same way as he would be entitled against the debtor.
 

 Pee Curiam.
 

 Judgment affirmed.