JOHN THURFJELL, Respondent, v. FRANK S. WITHERBEE and Others, Appellants.

*Change of venue — the affidavits must allege that the party can, not that he expects to prove the facts by the witnesses.*

Affidavits to change the place of trial on the ground of the convenience of witnesses, which, instead of stating that the moving party can prove material facts by the persons named, state that the moving party expects to prove such facts by them, are insufficient, unless the affidavits disclose circumstances showing that the facts can probably be established by the persons designated.

APPEAL by the defendants, Frank S. Witherbee and others, from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 8th day of March, 1893, denying the defendants' motion to remove this action from the Court of Common Pleas for the city and county of New York into the Supreme Court, and to change the place of trial from the city and county of New York to the county of Essex.

The action was brought to recover damages alleged to have been sustained by the plaintiff through personal injuries suffered in consequence of the alleged negligence of the defendants, in an iron mine owned and operated by them, situated at Minesville, in Essex county, New York, in which the plaintiff was employed by the defendants as a laborer.

*Henry H. Whitman*, for the appellants.

*J. Edward Swanstrom*, for the respondent.

PER CURIAM :

This motion is founded and resisted on great expectations. Fifteen persons are named in the moving papers as necessary and material witnesses for the defendants on the trial of this action. Then follow statements of facts which defendants expect to prove by thirteen of the persons named, but there is no statement that defendants can prove any of the facts by any of the persons mentioned. The statement in respect to all of the witnesses is : " That your petitioners expect to prove the following facts by said witnesses, to wit : * * * By Gilbert Barnaby and Peter Carlson and each of them : That they were at work in said mine on the day in question, and saw said accident and how the same occurred ; the size and character of the rock that fell, and the exact place in the roof from which it came ; that at the time said plaintiff was injured, each of them were standing within a few feet of said plaintiff."

It is not stated that these witnesses will testify to those facts, nor is it affirmatively stated that they were at work in the mine at the time of the accident. The statement is that the defendants expect to prove that they were. Had it been stated that these persons were at work in the mine and saw the accident, or that they were in a situation to have personal knowledge of the facts, or that they had stated to the affiant that they would testify to such facts, a better ground for the motion would have been disclosed. The same criticism is applicable to the statements made respectively as to the necessity of calling as witnesses the other persons named. Affidavits to change the place of trial, which state that the moving party can prove material facts by the persons named, are held to be sufficient, but affidavits stating that the moving party expects to prove such facts are insufficient, unless the affidavits disclose grounds showing that the facts can probably be established by the persons designated. This may be done by positive averments made by the party, or by affidavits of the proposed witnesses.

The plaintiff's opposing affidavits are subject to the same criticism. He expects to prove divers relevant facts, by twenty persons who are named, but fails to state that he can prove such facts by any one of them. It would be almost impossible to convict an affiant of perjury upon such an affidavit, though false. It is important for the litigants and the witnesses that this action should

be tried in the proper county, which presumptively is the county in which the cause of action arose. The statement that within a year from the time of the accident twenty persons, who are material witnesses, are residents of a county 300 miles from the scene of the accident, without an explanation as to how it happened, taxes the credulity of the court. The order should be modified by granting the defendants leave to make a new motion on fresh papers, on the payment of ten dollars costs of the motion, and ten dollars costs and printing disbursements on this appeal, the costs to be paid and the motion made within thirty days after the entry and service of the order on this decision.

Present — VAN BRUNT, P. J., FOLLETT and BARRETT, JJ.

Order modified by granting the defendants leave to make a new motion on fresh papers, on the payment of ten dollars costs of the motion, and ten dollars costs and printing disbursements on this appeal, the costs to be paid and the motion made within thirty days after the entry and service of the order on this decision.