IMGARD et al. v. DUFFY.

(Supreme Court, General Term, First Department. November 17, 1893.)

CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

An affidavit for a change of venue for the convenience of witnesses is insufficient where it merely states what affiant expects to show by the witnesses named, but does not state on what such expectations are based. Thurfjell v. Witherbee, 24 N. Y. Supp. 278, followed.

Appeal from special term, New York county.

Action by Julius Imgard and another, administrators of the estate of Albert Imgard, deceased, against Walter B. Duffy, to recover on certain promissory notes indorsed by defendant. From an order denying his motion for a change of the place of trial from New York county to the county of Monroe, defendant appeals. Affirmed.

Defendant's affidavit in support of his motion for a change in the place of trial, omitting jurat and the title of court and cause, reads as follows:

Walter B. Duffy, being duly sworn, deposes and says: "I am the defendant in the above-entitled action. The place of the trial of said action named in the summons and complaint is the county of New York. Said action was commenced by the service of the summons on the 13th day of February, 1893. The complaint was, as I am informed and believe, served upon my attorneys herein on the 8th day of March, 1893. Issue was joined in the said action by the service of the answer on the 14th day of April, 1893. I have fully and fairly stated the case to Marsenus H. Briggs, my counsel in this cause, who resides at Rochester, Monroe county, New York, and who has an office at 811 Wilder Building, at Rochester, aforesaid, and have fully and fairly disclosed to my said counsel the facts which I expect to prove by each and every of the witnesses hereinafter named. I have a good and substantial defense on the merits of this cause, as I am advised by said counsel, after such statement made as aforesaid, and verily believe. Ambrose C. McGlachlen, Peter Conway, Patrick R. Murphy, and William H. Naylon, all of whom reside in the city of Rochester, county of Monroe, and state of New York, are each and every of them material witnesses for me on the trial of this cause, as I am informed by my said counsel, after full statement made to him as aforesaid, and verily believe, and, without the testimony of each and every of the said witnesses, I cannot safely proceed to the trial of this cause, as I am also advised by my said counsel, and verily believe. This action is founded upon nine promissory notes alleged to have been made by the Duffy Malt Whisky Company, of Baltimore, Maryland, and indorsed by this defendant. The defense admits the indorsement of the notes, but alleges that they were indorsed by him solely for the accommodation of the maker, and to replace and take up other notes theretofore indorsed by this defendant for the accommodation of the same maker; that the plaintiffs' intestate was never a bona fide holder of the said notes, and never parted with value for them; and that the avails of the notes in suit, if any, were misapplied. The defense also alleges an agreement made between one Gelshenen and the plaintiffs' intestate, under which Duffy malt whisky was furnished to the said intestate at a price below the market price, under a special agreement that the difference between the market price and the price at which it was so furnished should be applied by the said intestate in satisfaction and extinguishment of the notes in suit. The facts which I expect to prove by the aforesaid witnesses are as follows: By the said Ambrose C. McGlachlen, who was the secretary and treasurer of the maker of the notes set forth in the complaint, the fact that said notes were issued without consideration, and for the sole purpose of retiring the paper theretofore issued by the

said maker; the fact that this defendant indorsed the said notes solely for the accommodation of the maker; the fact that nothing was ever received on account of the said notes; and, generally, all the facts and circumstances connected with the making, indorsing, and issuing of the said notes, and connected with their receipts by Albert Imgard, the plaintiffs' intestate. I expect to prove by the said Peter Conway, who was an employe and assistant bookkeeper of the maker of the said notes at the time of their execution, the facts and circumstances connected with the making, indorsing, and delivery of the said paper, and also the correctness of the books kept at the time by the maker of the paper, in such way as to render certain entries in said books competent evidence upon the issues in this case. I expect to prove by the said Patrick R. Murphy, who is the person who superintended the shipping of the Duffy malt whisky sent to Albert Imgard, the plaintiffs' intestate, in pursuance of the agreement made between said Imgard and William H. Gelshenen, the fact that the Duffy malt whisky was sent to the said Imgard, and the amount so sent. I expect to prove by the said William H. Naylon, who is the bookkeeper, and personally has had general charge and oversight of all the sales of Duffy malt whisky during the period covered between the making of the contract between Gelshenen and Imgard alleged in the answer and this date, the prices at which said Duffy malt whisky was furnished to the said Imgard under said contract, and the lowest wholesale prices at which the same was furnished to others. I reside in Rochester, Monroe county, and have resided there for upwards of twenty years last past. The successor in business to the maker of the notes set forth in the complaint is a corporation having its principal office and place of business in Rochester, Monroe county; New York, and nearly all the books and papers belonging to the maker of the notes are now, and have been for a long time, in the possession of its said successor in Rochester, Monroe county. Many of said books and papers will, as I am advised by my said counsel, be necessary for me in the trial of this case. The next circuit appointed to be held in Monroe county will convene, as I am informed and believe, on the 5th day of June, 1893. The next circuit in the county of New York convenes, as I am informed and believe, on the first Monday of May, 1893."

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

Bacon, Briggs, Beckley & Bissell, (M. H. Briggs, of counsel,) for appellant.

Welch & Daniels, for respondent.

VAN BRUNT, P. J. The opinion of the court in the case of Thurfjell v. Witherbee, 70 Hun, 401, 24 N. Y. Supp. 278, seems to be entirely applicable to the case at bar. The defendant swears to his expectations, and that is all. Within the principles laid down in the case cited, this is not sufficient to justify the court in granting the motion to change the venue. The party should state at least upon what his expectations are founded, so that the court may say that there is some ground for the hopes expressed. The order should therefore be affirmed, with $10 costs and disbursements, with leave to the defendant, upon payment of the costs of this appeal and the costs of the motion in the court below, to renew the application to change the venue upon new papers.