ALONZO L. TUSKA, Respondent, *v.* GEORGE B. WOOD and Another, Appellants.

*Motion to change the venue of an action— the affidavits must state what a party can, not what he expects to, prove by the witnesses.*

Affidavits, used on a motion to change the place of trial of an action, which state that the moving party can prove material facts by the persons named therein, are sufficient, but affidavits stating that the moving party expects to prove such facts are insufficient, unless the affidavits disclose grounds showing that the facts can probably be established by the persons designated, either by positive averments made by the party or by the affidavits of the proposed witnesses.

APPEAL by the defendants, George B. Wood and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of April, 1894, denying the defendants' motion to change the place of trial of the action from the county of New York to the county of Onondaga.

*C. A. Andrews,* for the appellants.

*Vincent Rosemon,* for the respondent.

PER CURIAM:

In view of the conflict as to the number of witnesses respectively to be produced upon the trial, and the bearing that their testimony would have upon the issues, it cannot be said that in determining that the convenience of witnesses would not be served by a change of place of trial, the judge at Special Term was guilty of a misuse of his discretion. Apart, however, from this, we think that the affidavits upon which the motion itself was based are clearly insufficient, within the case of *Thurfjell* v. *Witherbee* (70 Hun, 401, 402), wherein it is said: "Affidavits to change the place of trial which state that the moving party can prove material facts by the persons named, are held to be sufficient, but affidavits stating that the moving party expects to prove such facts are insufficient, unless the affidavits disclose grounds showing that the facts can probably be established by the persons designated. This may be done by positive averments made by the party, or by affidavits of the proposed witnesses."

The order appealed from is, therefore, affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and disbursements.