(25 App. Div. 115.)

### HAYES v. GARSON et al.

(Supreme Court, Appellate Division, Second Department. January 18, 1898.)

CHANGE OF VENUE—SUFFICIENCY OF AFFIDAVIT.

Affidavits to change the place of trial, which state that the moving party "expects to" (instead of "can") prove material facts set forth, by designated persons residing in the county to which removal is sought, are sufficient to warrant the granting of the motion, in the discretion of the court, if, by inspection of the moving papers, it appears that there is a reasonable ground for the expectation, even though the affidavits of the witnesses are not produced on the motion.

Appeal from special term, Westchester county.

Action by James P. Hayes against Moses L. Garson and others. From an order granting a change of venue, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Roger M. Sherman, for appellant.
John M. Digney, for respondents.

GOODRICH, P. J. The action is brought by the assignee of a judgment creditor, against the defendants therein and one Bertha C. Garson, to reach certain assets of the defendants, on the ground of their collusion with other creditors in securing a preferential application of such assets. The complaint alleges that the defendants Moses L. Garson and James C. Wood, who reside and were in business in Monroe county under the name of Garson & Wood, bought goods of the Standard Folding-Bed Company, in the city of New York, on credit, and upon certain false representations as to their solvency; that before the time of credit expired the defendants conspired with the defendant Bertha C. Garson to have judgments entered in her favor against themselves, upon a false and fraudulent cause of action, and to have their property taken and sold upon execution; and that this scheme was effected. The company obtained a judgment for its claim on May 3, 1897, and assigned the same to the plaintiff, who resides in Westchester county, where the venue was laid. A motion was made to change the place of trial to Monroe county, and from the order granting the motion the plaintiff appeals. The plaintiff presented an affidavit to oppose the

motion, in which he stated merely that he could prove the conspiracy by more than 10 persons residing in New York City, without giving their names, or any details of their evidence. His chief contention is that the affidavit upon which the order was based is defective, in stating that the defendants "expect" to prove the facts of their defense by certain numerous witnesses who reside in Monroe county, instead of stating that they "can" prove such facts. There is a conflict of authority in the several departments of the state upon this question. In the First department it has been held that the affidavits must contain the statement that the party can prove his allegations by the witnesses. Rheinstrom v. Weir, 5 App. Div. 109, 38 N. Y. Supp. 1030; Tuska v. Wood, 81 Hun, 79, 30 N. Y. Supp. 523. In the Third department a contrary doctrine seems to obtain. Smith v. Mack, 70 Hun, 517, 24 N. Y. Supp. 131; Bell v. Whitehead Bros. Co., 5 App. Div. 555, 39 N. Y. Supp. 434. But in other cases in the First department, as well as elsewhere, it is held that the matter rests largely in the discretion of the court; and in Thurfjell v. Witherbee, 70 Hun, 401, 24 N. Y. Supp. 278, the First department, stating the rule as laid down in other cases, limited it by the following language:

"Affidavits to change the place of trial, which state that the moving party can prove material facts by the persons named, are held to be sufficient; but affidavits stating that the moving party expects to prove such facts are insufficient, unless the affidavits disclose grounds showing that the facts can probably be established by the persons designated. This may be done by positive averments made by the party, or by affidavits of the proposed witnesses."

We think the rule may be further limited, and that wherever, by an inspection of the moving papers, it appears that there is a reasonable ground for the expectation of the moving party that he will be able to prove by the witnesses the stated facts,—as, for instance, that the witnesses must necessarily know the facts,—the court, in the exercise of its discretion, may fairly conclude that the statement of such expectation is the equivalent of a positive statement of ability, even where the affidavits of the witnesses are not produced on the motion. These views, we think, control the present appeal, and for this reason: The allegation of the complaint is that the judgment debtors conspired with Mrs. Garson, and gave her a fraudulent judgment. The affidavits state that the defendants expect to prove certain facts by the twenty-seven witnesses referred to therein, all but one of whom reside in Rochester. It may be admitted that the number of witnesses is liberally stated, and with an exaggeration of the large number necessary to establish the defense to which parties are prone in affidavits of this character. Some of the witnesses, prior to May 3d, obtained judgments against the defendants, and issued executions thereon, attended the sheriff's sale, and purchased some of the assets at their fair value; and, the affidavits state, their claims were valid and honest. Within this class are five of the witnesses. Two others are presidents of banks at Rochester, who are expected to testify that they had valid claims against the firm, which transferred to them certain of its assets as security for their claims. As to these

witnesses, we think the affidavit discloses a fair justification of the defendants' expectation of their ability to prove the alleged facts. Three other witnesses were purchasers at the sale, and are expected to testify that a fair price was realized, and that the plaintiff's assignor was represented at the sale by an agent, and asked that the property be sold in parcels. There is no affidavit of the plaintiff contradicting this latter statement, and it may be assumed to be true. Four witnesses named are the sheriff and his deputies, who are expected to prove the regularity and fairness of the sale. Four other witnesses are expected to prove that Mrs. Garson is a woman of property, and loaned money to the firm. They are her father and brother, and the officers of banks in which she had money, or who had given her checks for or loaned her money on mortgage on her real estate. Two others are the county judge and county clerk, to prove the rendition or docketing of the judgments to the various creditors. Throwing out of the category several of their witnesses, on the ground that their testimony would be cumulative, or could be established by record evidence, enough remain to make it evident that they are essential to prove the defense; and as the details of their testimony are stated in the affidavit, and there is no denial by affidavit, we think it may fairly be said that the affidavits "disclose circumstances showing that the facts can probably be established by the persons designated," as laid down in Thurfjell v. Witherbee, supra. In addition to this, it is to be noticed that the plaintiff names no witnesses residing in Westchester county, and does not even give the name of any witness whatever, or any particulars of the evidence of any of his witnesses.

We think the discretion of the learned judge at special term was fairly exercised, and we are not inclined to disagree with his conclusions. Order affirmed, with $10 costs and disbursements. All concur.