### LYMAN v. GRAMMERCY CLUB et al.

(Supreme Court, Appellate Division, Fourth Department.   March 26, 1898.\

1. STATUTES—PRESUMPTIONS IN CONSTRUCTION.
    A presumption exists against a legislative intent to devest the judicial department of any of its essential powers, or forbid their exercise in particular cases, so that such intention must be expressed in unequivocal terms, or the implication be necessary.

2. INTOXICATING LIQUORS—ACTION FOR PENALTY—POWER OF COURT TO CHANGE VENUE.
    The power given the supreme court by Code Civ. Proc. § 987, to change the place of trial in certain cases extends to an action under Liquor Tax Law, § 18 (Laws 1896, p. 61), by the state excise commission to recover the penalty for breach of condition of a bond given by an applicant for a liquor tax certificate, and such power is not devested by the authority conferred on the commissioner to commence and maintain such action in any county.

3. CHANGE OF VENUE—WHO SHOULD MAKE APPLICATION.
    A motion to change the place of trial for convenience of witnesses must be made by all defendants who defend, unless some reason is shown why all did not join.

4. SAME—SUFFICIENCY OF APPLICATION.
    An affidavit in support of a motion for change of venue for convenience of witnesses, stating that the party expects to prove certain facts by the witnesses named, without stating that such facts can be so proved, or disclosing grounds showing a probability that they can be so proved, is insufficient.

5. SAME—FACTS TO BE DISCLOSED.
    The papers used on a motion for change of venue for convenience of witnesses should disclose the occupation, and a residence by street and number, of every person designated as a material witness.

6. INTOXICATING LIQUORS—ACTION FOR PENALTY—VENUE.
    An action by the state excise commissioner to recover a penalty for breach of a bond given by an applicant for a liquor tax certificate under Liquor Tax Law, § 18 (Laws 1896, p. 61), is not an action to recover a statutory penalty or forfeiture, under Code Civ. Proc. § 983, fixing the venue in such action.
    Ward, J., dissenting.

Appeal from special term, Ontario county.

Action by Henry H. Lyman, as state excise commissioner, against the Grammercy Club and another.   From an order granting a motion by defendant the Fidelity & Deposit Company of Maryland for change of venue, plaintiff appeals.   Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Royal R. Scott, for appellant.

Tracy, Boardman & Platt, for respondent Fidelity & Deposit Co. of Maryland.

Finn, Caffrey & Loftus, for respondent Grammercy Club.

GREEN, J.   It is alleged in the complaint, in substance, that the defendant the Grammercy Club applied to the special deputy excise commissioner, at the city of New York, for a liquor tax certificate, and paid the tax of $800; that it furnished the bond in the penal sum of $1,600, required by section 18 of the liquor tax law (Laws 1896, p. 61), executed by the club, as principal, and by the Fidelity & Deposit Company of Maryland, as surety, and obtained the cer-

tificate to do business in New York City. The plaintiff further alleges in the complaint 32 separate violations of the liquor tax law by the club, and concludes that, by reason of such violations, the defendants have become liable for the penalty of such bond, and therefore are indebted to the plaintiff in the sum of $1,600. The defendants answered, taking issue upon the violations alleged.

The plaintiff resides in the county of Oswego, and his attorney in the county of Ontario. The defendant corporations have their principal office and place of business in the city of New York; and all their witnesses, 20 in number, reside there. Upon motion of the defendant the Fidelity & Deposit Company of Maryland an order was granted by the special term changing the place of trial from the county of Ontario—the county designated in the summons and complaint—to the county of New York, for the convenience of witnesses. All the alleged transactions set forth as a cause of action arose in the city and county of New York, where the defendants and their witnesses reside, and it seems to us that there is no just reason for laying the venue in the county of Ontario, 300 miles distant from the city of New York, and thus put the defendants to the expense of taking their witnesses to the county of Ontario, and the witnesses to the trouble of traveling that distance. The plaintiff does not question the justice and propriety of the order, but contends that the power of the supreme court to change the place of trial in actions on bonds given pursuant to section 18 of the liquor tax law is taken away by the provisions of that law. If it can be successfully maintained that the court is devested of its power to change the place of trial, "although the convenience of witnesses and the ends of justice will be promoted by the change" (Code Civ. Proc. § 987, subd. 3), it must follow that the court is also shorn of the power to change the venue, although "there is reason to believe that an impartial trial cannot be had in the proper county" (Id. § 987, subd. 2). The power in question is inherent in the very constitution of a court, and its exercise is essential to the due and proper administration of its judicial functions, and is of vital importance to an efficient and abiding control over judicial proceedings. As long ago as 1807 it was declared that "we have an equitable power over venues, and we ought so to exercise it as to promote the convenience of suitors, and to save expense to the parties." Manning v. Downing, 2 Johns. 453. There is a presumption against an intention on the part of the legislature to infringe upon the province of the judicial department of the government, and to devest the court of any of its essential powers, or to forbid the exercise of such powers in particular cases; and any construction leading to such a result must be avoided, if possible. Such an intention must be expressed in clear and unequivocal terms. There must be express negative words, or the implication must be necessary and irresistible. It is supposed that the legislature would not make so important an innovation without a very explicit expression of its intention. End. Interp. St. §§ 151, 153, 522. Section 18 of the liquor tax law provides that the state commissioner of excise may "commence and maintain an action in any court of record, in any county of the state, for the recovery of the penalty for the breach of any condition of any bond, or any penalty or

penalties incurred or imposed for a violation of the liquor tax law."
But it is not declared that the trial must take place in the county
designated by the commissioner, and nowhere else, or that the place
of trial shall not be changed pursuant to any provision of the Code.
There is no inconsistency between this provision and section 987 of
the Code, and the supreme court is not restrained in the exercise of
its powers in the matter of removal.    The authority conferred upon
the commissioner cannot operate, by construction, to devest the court
of its inherent power.    The case of People v. Coughtry, 58 Hun, 245,
12 N. Y. Supp. 259, affirmed in 125 N. Y. 723, 26 N. E. 756, upon the
opinion of Learned, J., at special term, is an authority against plain-
tiff's contention.    Since the legislature has not attempted to deprive
the supreme court of one of its necessary judicial functions, the con-
stitutionality of such a legislative act is not involved in this appeal.
We therefore do not doubt the power of the court to change the place
of trial to the city and county of New York, or to an adjoining county.
Liquor Tax Law, §§ 18, 42.    By the latter section, which, however, re-
lates to actions to recover penalties brought against persons traffick-
ing in liquor contrary to the provisions of the act, the power of the
court to change the place of trial to the county wherein the defendant
resides, or to an adjoining county, is expressly given, and we do not
think the legislature intended to establish a different rule in respect to
actions brought under section 18 to recover the penalty of the bond.
We see no reason for believing that the legislature intended to im-
pose greater hardships on the sureties on bonds than on the principal
charged with willful violations of the act.

However, there are inherent and fatal defects in the papers on which
the motion was made, which do not fall within the class of what is
known as "preliminary objections."    The defendants answered sep-
arately by different attorneys.    The defenses of both defendants are
substantially the same, consisting in a denial of the violation of the
condition of the bond.    The Fidelity & Deposit Company of Mary-
land moved to change the place of trial from the county of Ontario to
the county of New York, or to the county of Kings, for the conven-
ience of witnesses.    The Grammercy Club did not join in the motion.
In the order granting the motion it is recited that on the motion of
the attorneys for the Fidelity & Deposit Company of Maryland the
place of trial is changed.    No reason is given why both defendants
did not join in the motion, nor does it appear that notice of the motion
was served on the attorneys for the Grammercy Club.    The rule is
that a motion to change the place of a trial of an action for the con-
venience of witnesses must be made by all the defendants who defend,
unless some reason is shown why all did not join.    Sailly v. Hutton,
6 Wend. 508; Legg v. Dorsheim, 19 Wend. 700; Brittan v. Peabody,
4 Hill, 62, note; Welling v. Sweet, 1 How. Prac. 156.

In the affidavits stating the names of the witnesses who will be
convenienced by a change of the place of trial, it is simply stated that
the defendant expects to prove certain facts by the witnesses named,
but it is nowhere stated that those facts can be proved by those wit-
nesses, nor do the affidavits disclose grounds showing that the facts
can probably be established by the persons designated; and it is in-

sufficient.    Thurfjell v. Witherbee, 70 Hun, 401, 24 N. Y. Supp. 278; McPhail v. Ridout, 83 Hun, 446, 31 N. Y. Supp. 934; White v. Hall, 8 App. Div. 618, 40 N. Y. Supp. 945.    See Hayes v. Garson, 25 App. Div. 115, 49 N. Y. Supp. 220.    Some 20 persons are named in the moving papers as necessary and material witnesses for the moving defendant, and the only means of identification given are their names, and the statement that they reside in the city of New York.    Neither their occupation nor the street, nor number of the street, is given. This, we think, is insufficient.    The moving and opposing papers used upon such an application should disclose the occupation and the residence by street and number of every person so designated as a material witness, when such person is a resident of a city; otherwise the opposing party might be unable to ascertain whether such persons were in existence, or to otherwise verify the allegations respecting the necessity of calling them as witnesses at the trial.

It is stated in the complaint that the bond on which the action is brought is annexed to, and forms a part of, the complaint; and in the answer of the Fidelity & Deposit Company of Maryland the bond on which the action is brought is referred to as being annexed to the complaint; but the bond is not printed in the record, which is defective. Whether the bond contains any provision in respect to the venue or place of trial of an action to be brought thereon does not appear.

As the question of the character of this action was raised and argued upon this motion, we deem it proper to say in conclusion that this is not "an action to recover a penalty or forfeiture imposed by statute." Code Civ. Proc. § 983.    The action is upon a contract obligation, to recover the penalty imposed or assumed by the instrument, and not to recover a penalty imposed by statute, within the intent and meaning of the provision quoted.    The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice to the right of the defendants to make a new motion.

Order reversed with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice to the right of defendants to make a new motion.    All concur, except WARD, J., who dissents with mem.

WARD, J. (dissenting).    The record discloses that the only question raised and considered at the special term was whether the court had power to change the place of trial in this action from the county of Ontario to the county of New York, the claim of the plaintiff there and appellant here being that the supreme court had no power to make the change as the Raines Law had provided that the state commissioner of excise could commence an action in any court of record in any county of the state for the recovery of the penalty for the breach of the condition of any bond given under the provisions of this law; and that is the only question presented to us upon this appeal.    The objection was not taken, either in the court below or here, that the defendant the Grammercy Club had not joined in the motion to change the place of trial, or that the affidavits upon which the motion was granted were defective in any respect as to the materiality or residence of witnesses, or any other irregularity claimed.    I concur in

the opinion of the majority of the court as to the power of the court to change the place of trial, but I do not concur in the result reached that the order should be reversed because of the irregularities pointed out in the opinion. The objection that the Grammercy Club had not formally joined in the motion is wholly without merit. The motion was made upon the pleadings, which consisted of the complaint and the answers of both of the defendants and affidavits made in behalf of both of the defendants, the secretary of the Grammercy Club making the principal affidavit as to the witnesses: and the counsel for the Grammercy Club appeared upon this appeal with a brief urging in behalf of that defendant that the order be affirmed so that the technical objection here considered, had it been made at the special term or here, could have been cured by the appearance of the Grammercy Club upon this appeal. Nor can I see any need of reversing this order because of the criticism made in the opinion of a majority of the court as to the affidavit in regard to the witnesses. It is true that the affidavits do not state that the facts expected to be proved could be proved by the witnesses, but it is conceded in the opinion, and it appears from the pleadings, that the witnesses do not reside in the county of Ontario, but necessarily reside, and their residences are fixed in the affidavits, in the city of New York; and in view of these concessions, and in view of the fact that the objection here raised was not taken either at the special term nor upon this appeal, I do not think we should be astute to discover objections of this character when we can see from the whole case and the papers that the change should be made for the convenience of witnesses.

I think the order should be affirmed, with costs.