HENRY H. LYMAN, as State Commissioner of Excise of the State of New York, Appellant, *v.* THE GRAMERCY CLUB and THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondents.

*Liquor Tax Law — venue of an action brought upon a bond given by the holder of a liquor tax certificate — it may be changed for the convenience of witnesses — all the defendants should join in the motion — statements of an expectation of proving the facts by certain witnesses are insufficient — the witnesses' occupation and residence by street and number should be stated.*

The provisions of the Liquor Tax Law (1896, chap. 112, § 18, as amended by chap. 312 of 1897), providing that the State Commissioner of Excise may "commence and maintain an action in any court of record, in any county of the State, for the recovery of the penalty for the breach of any condition of any bond," do not deprive the Supreme Court of its inherent power to change the place of trial of an action brought by the State Commissioner in pursuance of such authority, where the convenience of witnesses requires such change.

A motion to change the place of the trial of an action for the convenience of witnesses must be made by all the defendants who defend, unless some reason is shown why all do not join.

Where in such a case the moving affidavits merely state that the moving party *expects to prove* certain facts by the witnesses named, but fail to state that the facts *can be proved* by the witnesses, and do not disclose grounds showing that the facts can probably be established by them, the moving papers are insufficient.

The moving and opposing papers used upon such a motion should disclose the occupation and residence by street and number of every person claimed to be a material witness, when such person is a resident of a city.

An action brought upon the bond required to be given by an applicant for a liquor tax certificate is not an action " to recover a penalty or forfeiture imposed by statute," within the meaning of section 983 of the Code of Civil Procedure, but is one upon a contract obligation.

WARD, J., dissented.

APPEAL by the plaintiff, Henry H. Lyman, as State Commissioner of Excise of the State of New York, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Ontario on the 8th day of October, 1897, granting the defendants' motion to change the place of trial from the county of Ontario to the county of New York, for the convenience of witnesses.

*Royal R. Scott* and *Mead & Stranahan,* for the appellant.

*Frank H. Platt,* for the Fidelity and Deposit Company of Maryland, respondent.

*Patrick H. Loftus,* for the Gramercy Club, respondent.

GREEN, J.:

It is alleged in the complaint, in substance, that the defendant, the Gramercy Club, applied to the special deputy excise commissioner, at the city of New York, for a liquor tax certificate, and paid the tax of $800; that it furnished the bond in the penal sum of $1,600, required by section 18 of the Liquor Tax Law (Chap. 112, Laws of 1896), executed by the club as principal, and by the Fidelity and Deposit Company of Maryland as surety, and obtained the certificate to do business in New York city.

The plaintiff further alleges in the complaint thirty-two separate violations of the Liquor Tax Law by the club, and concludes that, by reason of such violations, the defendants have become liable for

the penalty of such bond, and, therefore, are indebted to the plaintiff in the sum of $1,600.

The defendants answered, taking issue upon the violations alleged.

The plaintiff resides in the county of Oswego and his attorney in the county of Ontario. The defendant corporations have their principal office and place of business in the city of New York, and all their witnesses, twenty in number, reside there.

Upon motion of the defendant, the Fidelity and Deposit Company of Maryland, an order was granted by the Special Term changing the place of trial from the county of Ontario, the county designated in the summons and complaint, to the county of New York, for the convenience of witnesses.

All the alleged transactions set forth as a cause of action arose in the city and county of New York, where the defendants and their witnesses reside, and it seems to me that there is no just reason for laying the venue in the county of Ontario, 300 miles distant from the city of New York, and thus putting the defendants to the expense of taking their witnesses to the county of Ontario, and the witnesses to the trouble of traveling that distance.

The plaintiff does not question the justice and propriety of the order, but contends that the power of the Supreme Court to change the place of trial in actions on bonds given pursuant to section 18 of the Liquor Tax Law is taken away by the provisions of that law.

If it can be successfully maintained that the court is divested of its power to change the place of trial, although " the convenience of witnesses and the ends of justice will be promoted by the change " (Code Civ. Proc. § 987, subd. 3), it must follow that the court is also shorn of the power to change the venue, although " there is reason to believe that an impartial trial cannot be had in the proper county " (Subd. 2).

The power in question is inherent in the very constitution of a court, and its exercise is essential to the due and proper administration of its judicial functions, and is of vital importance to an efficient and abiding control over judicial proceedings. As long ago as 1807 it was declared that " we have an equitable power over venues, and we ought so to exercise it as to promote the convenience of suitors and to save expense to the parties." (*Manning* v. *Downing*, 2 Johns. 453.)

There is a presumption against an intention on the part of the Legislature to infringe upon the province of the judicial department of the government, and to divest the court of any of its essential powers, or to forbid the exercise of such powers in particular cases, and any construction leading to such a result must be avoided if possible. Such an intention must be expressed in clear and unequivocal terms. There must be express negative words, or the implication must be necessary and irresistible. It is supposed that the Legislature would not make so important an innovation without a very explicit expression of its intention. (End. Interp. Stat. §§ 151, 153, 522.)

Section 18 of the Liquor Tax Law (Chap. 112, Laws of 1896, as amended by chap. 312, Laws of 1897) provides that the State Commissioner of Excise may " commence and maintain an action in any court of record, in any county of the State, for the recovery of the penalty for the breach of any condition of any bond, or for any penalty or penalties incurred or imposed for a violation of the Liquor Tax Law." But it is not declared that the trial must take place in the county designated by the commissioner and nowhere else, or that the place of trial shall not be changed pursuant to any provision of the Code of Civil Procedure. There is no inconsistency between this provision and section 987 of the Code, and the Supreme Court is not restrained in the exercise of its powers in the matter of removal. The authority conferred upon the commissioner cannot operate, by construction, to divest the court of its inherent power.

The case of *The People* v. *Coughtry* (58 Hun, 245 ; affd., 125 N. Y. 723), upon the opinion of LEARNED, J., and reported in 33 New York State Reporter, 205, is an authority against plaintiff's contention.

Since the Legislature has not attempted to deprive the Supreme Court of one of its necessary judicial functions, the constitutionality of such a legislative act is not involved in this appeal.

We, therefore, do not doubt the power of the court to change the place of trial to the city and county of New York, or to an adjoining county (Liquor Tax Law, §§ 18, 42.) By the latter section, which, however, relates to actions to recover penalties brought against persons trafficking in liquor contrary to the provisions of the act, the power of the court to change the place of trial to the county wherein the defendant resides, or to an adjoining county, is expressly given, and we do not think the Legislature intended to establish a

different rule in respect to actions brought under section 18 to recover the penalty of the bond. We see no reason for believing that the Legislature intended to impose greater hardships on the sureties on bonds than on the principal charged with willful violations of the act.

However, there are inherent and fatal defects in the papers on which the motion was made which do not fall within the class of what is known as preliminary objections.

The defendants answered separately by different attorneys. The defenses of both defendants are substantially the same, consisting in a denial of the violation of the condition of the bond. The Fidelity and Deposit Company of Maryland moved to change the place of trial from the county of Ontario to the county of New York, or to the county of Kings, for the convenience of witnesses. The Gramercy Club did not join in the motion. In the order granting the motion it is recited that, on the motion of the attorneys for the Fidelity and Deposit Company of Maryland, the place of trial is changed. No reason is given why both defendants did not join in the motion, nor does it appear that notice of the motion was served on the attorneys for the Gramercy Club. The rule is that a motion to change the place of a trial of an action for the convenience of witnesses must be made by all the defendants who defend, unless some reason is shown why all did not join. (*Sailly* v. *Hutton*, 6 Wend. 508; *Legg* v. *Dorsheim*, 19 id. 700; *Brittan* v. *Peabody*, 4 Hill, 62, n.; *Welling* v. *Sweet*, 1 How. Pr. 156.)

In the affidavits stating the names of the witnesses who will be convenienced by a change of the place of trial, it is simply stated that the moving defendant expects to prove certain facts by the witnesses named, but it is nowhere stated that those facts can be proved by those witnesses, nor do the affidavits disclose grounds showing that the facts can probably be established by the persons designated, and it is insufficient. (*Thurfjell* v. *Witherbee*, 70 Hun, 401; *McPhail* v. *Ridout*, 83 id. 446; *White* v. *Hall*, 8 App. Div. 618; S. C., 40 N. Y. Supp. 945. See *Hayes* v. *Garson*, 25 App. Div. 115.)

Some twenty persons are named in the moving papers as necessary and material witnesses for the moving defendant, and the only means of identification given are their names and the statement that they reside in the city of New York. Neither their occupation nor

the street nor number of the street is given; this we think is insuf-
ficient. The moving and opposing papers used upon such an appli-
cation should disclose the occupation and the residence by street and
number of every person so designated as a material witness when
such person is a resident of a city. Otherwise, the opposing party
might be unable to ascertain whether such persons were in exis-
tence, or to otherwise verify the allegations respecting the neces-
sity of calling them as witnesses at the trial.

It is stated in the complaint that the bond on which the action
is brought is annexed to and forms a part of the complaint, and in
the answer of the Fidelity and Deposit Company of Maryland the
bond on which the action is brought is referred to as being annexed
to the complaint, but the bond is not printed in the record, which is
defective. Whether the bond contains any provision in respect to
the venue or place of trial of an action to be brought thereon does
not appear.

As the question of the character of this action was raised and
argued upon this motion, I deem it proper to say in conclusion that
this is not an action "to recover a penalty or forfeiture imposed by
statute." (Code, § 983.) The action is upon a contract obligation
to recover the penalty imposed or assumed by the instrument, and
not to recover a penalty imposed by statute, within the intent and
meaning of the provision quoted.

The order should be reversed, with ten dollars costs and disburse-
ments, and the motion denied, with ten dollars costs, without preju-
dice to the right of the defendants to make a new motion.

All concurred, except WARD, J., dissenting.

WARD, J. (dissenting):

The record discloses that the only question raised and considered
at the Special Term was whether the court had power to change the
place of trial in this action from the county of Ontario to the county
of New York, the claim of the plaintiff there and appellant here
being that the Supreme Court had no power to make the change, as
the "Raines Law" had provided that the State Commissioner of
Excise could commence an action in any court of record in any
county of the State for the recovery of the penalty for the breach
of the condition of any bond given under the provisions of this law,

FOURTH DEPARTMENT, MARCH TERM, 1898.        [Vol. 28.

and that is the only question presented to us upon this appeal. The objection was not taken, either in the court below or here, that the defendant "The Gramercy Club" had not joined in the motion to change the place of trial, or that the affidavits upon which the motion was granted were defective in any respects as to the materiality or residence of witnesses, or any other irregularity claimed.

I concur in the opinion of the majority of the court as to the power of the court to change the place of trial, but I do not concur in the result reached that the order should be reversed because of the irregularities pointed out in the opinion.

The objection that the Gramercy Club had not formally joined in the motion is wholly without merit; the motion was made upon the pleadings which consisted of the complaint and the answers of both of the defendants and affidavits made in behalf of both of the defendants, the secretary of the Gramercy Club making the principal affidavit as to the witnesses, and the counsel for the Gramercy Club appeared upon this appeal with a brief urging in behalf of that defendant that the order be affirmed so that the technical objection here considered, had it been made at the Special Term or here, could have been cured by the appearance of the "Gramercy Club" upon this appeal. Nor can I see any need of reversing this order because of the criticism made in the opinion of a majority of the court as to the affidavit in regard to the witnesses. It is true that the affidavits do not state that the facts expected to be proved could be proved by the witnesses, but it is conceded in the opinion, and it appears from the pleadings, that the witnesses do not reside in the county of Ontario, but necessarily reside, and their residences are fixed in the affidavits, in the city of New York, and in view of these concessions, and in view of the fact that the objection here raised was not taken either at the Special Term nor upon this appeal, I do not think we should be astute to discover objections of this character when we can see from the whole case and the papers that the change should be made for the convenience of witnesses.

I think the order should be affirmed, with costs.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, without prejudice to the right to renew upon fresh papers.