HENRY H. LYMAN, as State Commissioner of Excise, Respondent, *v.* FRANK MATTY, Appellant.

*Intoxicating liquor — place of trial of actions brought under section 42 of the Liquor Tax Law.*

In an action brought under section 42 of the Liquor Tax Law (Chap. 112, Laws of 1896, as amended by chap. 312, Laws of 1897), the defendant, when the venue is laid in a county adjoining that of his residence, cannot move to have the place of trial changed to the county in which he resides; if the action is not brought in a county adjoining the county of his residence, he may move to have the place of trial changed to some one of the adjoining counties, but not to his own county.

APPEAL by the defendant, Frank Matty, from an order of the Supreme Court, made at the Oswego Special Term and entered in the office of the clerk of the county of Oswego on the 10th day of January, 1898, denying his motion to change the place of trial of the action from Oswego county to Onondaga county.

*John W. Hogan,* for the appellant.

*S. B. Mead,* for the respondent.

FOLLETT, J.:

*Lyman* v. *Gramercy Club* (28 App. Div. 30) is not in point. That action was brought against sureties to recover for the breach of a bond given and prosecuted pursuant to section 18 of the Liquor Tax Law*, and the only reference in the act to the venue or to the place of trial of such actions is contained in that section, which provides that such an action may be brought "in any court of record in any county of the State." The case cited simply holds that this language did not deprive the court of power to change the place of trial given by the Code of Civil Procedure.

The action now before the court is brought for the recovery of penalties under the 42d section of the Liquor Tax Law which provides that such an action may be brought "in any court of record in any county of the State." If there were no other provision in respect to place of trial, *Lyman* v. *Gramercy Club* would be an authortity, but the 42d section contains this further pro-

---

* Laws of 1896, chap. 112, as amended by chap. 312 of the Laws of 1897.— [REP.

vision : " When an action is brought in any county other than the county wherein the defendant resides, or in an adjoining county, the place of trial of such action may be changed to any county adjoining the county wherein the defendant resides, for cause shown as provided by the Code of Civil Procedure." This provision denies the defendant the right in such an action, when the venue is laid in an adjoining county, to move to have the place of trial changed to the county in which he resides, but he may, in case an action is not brought in a county adjoining the county of his residence, move to have the place of trial changed to some one of the adjoining counties, but not to his own county.

I think the order is right, and that it should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.