## LYMAN v. MATTY.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1898.)

INTOXICATING LIQUORS—ACTION FOR PENALTY—CHANGE OF VENUE.

Under Liquor Tax Law, § 42, providing that an action for penalties may be brought in any court of record in any county of the state, and that "when an action is brought in any county other than the county wherein the defendant resides, or in an adjoining county, the place of trial of such action may be changed to any county adjoining the county wherein the defendant resides," defendant cannot have a change of venue to the county where he resides, when it is laid in an adjoining county.

Appeal from special term.

Action by Henry H. Lyman, as state commissioner of excise, against Frank Matty, to recover penalty for violation of liquor law. From an order denying defendant's motion for a change of venue from Oswego to Onondaga county, he appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John W. Hogan, for appellant.
S. B. Mead, for respondent.

FOLLETT, J. Lyman v. Gramercy Club, 28 App. Div. 30, 50 N. Y. Supp. 1004, is not in point. That action was brought against sureties to recover for the breach of a bond given and prosecuted pursuant to section 18 of the liquor tax law, and the only reference in the act

to the venue or to the place of trial of such actions is contained in that section, which provides that such an action may be brought "in any court of record in any county of the state." The case cited simply holds that this language did not deprive the court of power to change the place of trial given by the Code of Civil Procedure. The action now before the court is brought for the recovery of penalties under the forty-second section of the liquor tax law, which provides that such an action may be brought "in any court of record in any county of the state." If there were no other provision in respect to place of trial, Lyman v. Gramercy Club would be an authority, but the forty-second section contains this further provision: "When an action is brought in any county other than the county wherein the defendant resides, or in an adjoining county, the place of trial of such action may be changed to any county adjoining the county wherein the defendant resides, for cause shown as provided by the Code of Civil Procedure." This provision denies the defendant the right in such an action, when the venue is laid in an adjoining county, to move to have the place of trial changed to the county in which he resides, but he may, in case such an action is not brought in a county adjoining the county of his residence, move to have the place of trial changed to some one of the adjoining counties, but not to his own county.

I think the order is right, and that it should be affirmed, with $10 costs and disbursements. All concur.