(Supreme Court, Appellate Division, First Department. June 12, 1908.)

JUDGES—REMOVAL—PROCEEDINGS.

On an application for the removal from office of the city magistrate, *held*, that respondent might present oral testimony as to the transactions upon which the charges were based, although the facts alleged in the petition were in the main admitted by his answer.

Application for the removal from office of Otto H. Droege, a city magistrate.' Order fixing time for proceedings.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Wallace MacFarlane, for petitioner.
John B. Stanchfield and Howard Gans, for respondent.

PER CURIAM. Although the facts alleged in the petition are in the main admitted by the answer of the respondent, the court will award to the respondent the right to present such oral testimony as he shall be advised in relation to the transactions upon which these charges are based, and for that purpose have fixed Tuesday, June 23, 1908, at 10 o'clock, at the courthouse of this court, for that purpose, when such testimony as the respondent shall offer in relation to the charges will be heard.

---

### AGNE v. SCHWAB et al.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

VENUE—CHANGE OF VENUE—CONVENIENCE OF WITNESSES—AFFIDAVITS—NECESSITY OF AFFIDAVIT OF MERITS.

A motion to change the place of trial, on the ground of convenience of witnesses, to the county where the cause of action arose and where the defendants and all the witnesses of both parties reside, may properly be granted, though the moving affidavits do not contain an affidavit of merits, where such affidavits show that the moving defendant has fully and fairly stated to his counsel, whose name and residence are set forth, the facts which he expects to prove by each witness, and that each and every one of them is a material witness on the trial of the cause, as he is advised by his said counsel and verily believes, and that without their testimony he cannot safely proceed to trial, as he is also advised by his said counsel and verily believes, and where this is supplemented by the facts which he proposes to prove by each of the witnesses, so that the court may see that the case has merit and that the witnesses must necessarily know the facts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, § 113.]

Appeal from Special Term, Suffolk County.

Action by Mamie M. Agne against Henry E. Schwab, impleaded with another, to set aside and annul a contract and an assignment. From an order denying defendant's motion for change of venue, defendant appeals. Reversed.

See 123 App. Div. 746, 108 N. Y. Supp. 487.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Mortimer M. Menken, for appellant.
Thomas J. Ritch, Jr., for respondent.

WOODWARD, J. This action was brought to set aside, annul, and declare void a certain contract and assignment made to the defendant Schwab, through alleged fraud and overreaching of the defendant Annie Straus as administratrix, and the defendant Schwab moved the court to change the place of trial to Kings county on the grounds of the convenience of witnesses and that both the plaintiff and defendants are residents of Kings county. There is no question that the cause of action arose in Kings county; that the defendant Schwab is a resident of that county; that his codefendant, who is made defendant because she, as administratrix, refused to bring the action, is a resident of Kings county, and has consented to the proposed change of place of trial; that all of the witnesses of both parties reside either in Kings county or in New York county, which, in considering the convenience of witnesses are practically one, as they are in law one municipality; that the documentary evidence needed in the trial is all in the public offices of Kings county; and that the plaintiff, while possibly holding a residence in Suffolk county at the time of the commencement of this action, is and has been practically a resident of Kings county at all times embraced within the period covered by the controversy. The plaintiff submitted no affidavit in opposition to the motion, but relied upon the technical objections that there were defects in the moving affidavits, in that they did not contain an affidavit of merits, and that they did not show that there was a single witness who resides in the county of Kings whose testimony is material, or whose convenience will be promoted by the change of place of the trial from the county of Suffolk to the county of Kings.

While it is true that under the rule formerly prevailing the defendant has failed to show by affidavit that he has a meritorious defense, we are of the opinion that the allegation that "deponent has fully and fairly stated to his counsel, Percival S. Menken, who resides at 206 West 137th street, in the borough of Manhattan, city and county of New York, the facts which he expects to prove by each and every one of the following witnesses," and that "each and every one of them is a material witness on the trial of said case, as he is advised by his said counsel and verily believes, and that without the testimony of each and every one of the said witnesses this defendant cannot safely proceed to the trial of this cause, as he is also advised by his said counsel and verily believes," and where this is supplemented by the facts which the party proposes to prove by each of the witnesses, so that the court may be able to see that the case has merit and that the witnesses must necessarily know the facts, the case is brought within the rule as laid down in Hayes v. Garson, 25 App. Div. 115, 49 N. Y. Supp. 220. The allegation that the defendant cannot safely proceed to trial without these witnesses, and that they are material witnesses, presupposes that there is a good defense alleged in the answer, and if the facts set forth tend to show that the defense alleged may be established by the witnesses mentioned, no

practical suggestion comes to us why all of the purposes of an affidavit of merits are not served. Substantially the same state of .facts exists here that were to be found in Navratil v. Bohm, 26 App. Div. 460, 50 N. Y. Supp. 225, and we believe that case, as followed in the recent case of Brady v. Hogan, 117 App. Div. 898, 102 N. Y. Supp. 962, is controlling here.

The order appealed from should be reversed, with costs.

Order reversed, with $10 costs and disbursements, and motion granted without costs. All concur.