## SUPREME COURT.

### KING agt. VANDERBILT.

In deciding motions to change the place of trial, courts now look beyond the affidavits of the parties and the advice of their counsel, to the pleadings, and the issues to be tried; and from the who.e case, as presented by the affidavits and the pleadings, determine in which county the trial will accommodate the greatest number of witnesses, whose attendance it will be necessary for the parties to secure, in the reasonable exercise of care and prudence in preparing for trial.

It does not follow as a matter of course, that the place of trial will be changed to the county where the greatest number of witnesses are shown to reside. If it appears that in such county the cause, in the ordinary course of things, will not be likely to be reached and tried until after several circuits shall have been held, and that the greatest convenience will not be secured by such change, the motion will still be denied.

In determining such motions the convenience of witnesses is the main consideration, though the dispatch or the oppressive delay of suits are considerations not to be wholly overlooked.

*Seneca Circuit, September* 1852. Motion to change venue from Cayuga county to the city and county of New York. The defendant swears to twenty-four witnesses in New York, and the plaintiff to eleven in Cayuga county.

GEORGE RATHBUN, *for Plaintiff.*

H. F. CLARK, *for Defendant.*

JOHNSON, Justice.—It appears clearly enough from the pleadings in this cause, as well as from the affidavits of the respective parties, that the only substantial controversy in the action is in regard to the defendant's liability for failing to transport the plaintiff from San Juan del Sur to San Francisco, and the amount of damages the plaintiff has sustained and is entitled to recover in case the defendant is made liable.

The non joinder of other parties, as defendants, alleged in the

answer in abatement of the action, can not be made available to the defendant on the trial. The objection, although taken in the answer, is waived, and loses all its force and pertinence by joining it with an answer upon the merits (Gardiner agt. Clark, 6 *How. Pr. R.* 449).

There is no pretence that the contract, whatever it may have been, was not performed in all respects, except that of carrying the plaintiff from San Juan del Sur to San Francisco, and for this failure the defendant insists that he is not liable to respond in damages.

This and the measure of damages are all the questions upon which either party can need any testimony on the trial. This being so, it is clear that it can not be necessary for the defendant upon the trial to secure the attendance of a great number of witnesses. A very inconsiderable number only of those mentioned in his affidavit, and sworn to be material and necessary, can be so, in the nature of things.

Courts now look beyond the affidavits of the parties, and the advice of their counsel, to the cause of action and the defence, to ascertain what is to be tried, and determine from a view of the whole case as presented by the pleadings and affidavits, whether a change of the place of trial will really accommodate and be most convenient for the greatest number of witnesses, who in the reasonable and proper exercise of care and prudence, in the preparation for trial, will be required to attend the circuit.

All experience has shown that parties and their counsel in their strong anxiety to change or retain the place of trial, are exceedingly prone to imagine and represent, and, indeed, to believe, that a much larger number of witnesses are necessary and material, than are ever called upon to testify upon the trial, or, in fact, subpœnaed to attend the circuit.

So great had formerly become this evil, that in many cases the application might as well have been determined by the census of the respective counties, as by the affidavits of the litigants, so far as the real merits of the question were involved.

It was in view of this state of things, and to secure a more just and proper determination of this class of motions, that rule 45 of the present rules, and 48 of the rules of 1849, were adopted.

The convenience of witnesses whose attendance it is necessary and proper to secure, is the main consideration in determining applications of this kind; but the mere excess of numbers does not always control.

For instance, in a case where the plaintiff has six witnesses in the county where he fixes the place of trial, who are all really material, and the defendant has eight or even ten in the county to which he seeks to remove the trial, and it is apparent that in the county designated by the plaintiff, the cause will be likely in the ordinary course of things, to be reached and tried at the first circuit, and that in the county designated by the defendant there is an equal probability that the trial will be delayed five or six circuits and the plaintiff's witnesses compelled to attend from time to time, the consideration of the greatest convenience would still be strongly in favor of the plaintiff.

The despatch on the one hand, and the oppressive delay on the other, in the determination of controversies, are considerations not to be wholly overlooked upon these motions.

In the present case, however, considering the number of witnesses alone, whose attendance will be necessary upon a trial of the merits of this action, I am wholly unable to see any good reason for changing the place of trial.

I think the numbers of really material witnesses are clearly in favor of the plaintiff.   Motion denied.