## SUPREME COURT

CHARLES D. PRICE agt. THE FORT EDWARD WATER WORKS COMPANY.

An *affidavit* on a motion to change the place of trial for convenience of witnesses, is defective as to the materiality of the number of witnesses sworn to, if by a fair construction, the testimony must be considered merely cumulative as to a part of the witnesses named.

The affidavits should show "how the witnesses are material," within the meaning of rule 45. To do that, they should show in some sufficiently distinct manner, what facts are to be proved by the several witnesses named, specifying them, so that the court may judge of the materiality of their testimony.

*New - York Special Term, March,* 1857.

MOTION to change place of trial from New-York to Washington county.

S. P. NASH, *for defendants.*
A. A. PHILLIPS, *for plaintiff.*

BIRDSEYE, Justice. The affidavit on the part of the plaintiff is clearly cumulative, as to the testimony of six of his witnesses. He first states what he expects to prove by John Badden, and five other persons, who are practical potters, and well acquainted with the business of *manufacturing* drain pipe; that the drain pipe and other articles sold to defendants, and for which the action is brought, were of the very best quality, and the same would if properly laid down, have answered the purpose for which they were purchased by the defendants. He then adds that he expects to prove by William Mickens, and five other persons, who are well acquainted with the business of *laying* drain pipe, that the drain pipe sold to the defendants, would have worked well, and have perfectly answered the purpose of the defendants, if it had been laid down properly and in a workmanlike manner.

It is not stated in the affidavit, or claimed by counsel, that the business of manufacturing and that of laying drain pipe, are so distinct, that persons conversant only with one of them are not competent to prove all that could be proved on the point in question, by those familiar with the other. If there be any such difference between these two branches of business, it should be made affirmatively to appear.

Either one or the other of these two sets of witnesses, to prove the same fact, must therefore be rejected. And it is probable that if the testimony sought to be given is material at all, several more witnesses might be rejected from the six that will remain, without at all impairing the plaintiff's rights. Does the plaintiff ordinarily require *six* witnesses to prove that $100 worth of goods sold, all consisting of articles precisely alike, such as drain tile, were of the first quality, unless it is at the time when he is fearful that the place of trial is about to be changed? It seems to me, that the element of distance, either present or apprehended, lends some part of the enchantment which leads him to take that view, and to swear to it.

This motion would, therefore, be granted, were not the affidavit on the part of the defendants quite as liable to criticism as that of the plaintiff, or more so. The president of the defendants, swears that they have nine material witnesses residing in Fort Edward, Washington county, and one witness residing in Saratoga county, near that place; and that the defendants expect to prove, by some of the above named witnesses, "a special agreement stated in the answer," and by "some of them," that the pipe was properly laid down; and "by some of them," that the pipe would not work at all. The affidavit goes through with the whole statement of the expected proof of the defence in this manner: It does not name any one witness, by whom any single fact is to be proved. It may be that not more than two or three of the ten persons named, know anything of the matter to be litigated. It may be by the same two or three persons, described as "some of" the ten, that the successive facts, which together make up the defence, are to be proved. For the phrase is throughout, "by

some of them." It does not, even as to those last referred to, allude to them, as *other* than those already mentioned.

Such a statement as this, does not tend at all to show, "how the witnesses are material," within the meaning of rule 45. To do that, it should be shown in some sufficiently distinct manner, what facts were to be proved by the several witnesses named, specifying them, so that the court may judge of the materiality of their testimony.

The motion must be denied, with $10 costs.