## TUTHILL v. LONG ISLAND R. CO.

(Supreme Court, General Term, Second Department. January 5, 1894.)

CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

In an action for personal injuries, the venue will not be changed from the county of plaintiff's residence to the place where the accident occurred, which was in a large city, where it appears that plaintiff has as many witnesses as defendant; that he is poor, and unable to transport his witnesses, while the reverse is the condition of defendant; that plaintiff's health is bad, and he is unable to endure fatigue; and that plaintiff's friends and physicians all reside in the county where the action was brought, and knew his physical condition before the injury.

Appeal from special term, Orange county.

Action by Gabriel Tuthill against the Long Island Railroad Company for personal injuries. From an order denying a motion to change the place of trial from Orange county to either Kings or Queens county, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Wm. C. Beecher, for appellant.

Vanamee, Watts & Vail, for respondent.

DYKMAN, J. This action is based upon the negligence of the defendant, which resulted in injury to the plaintiff. The venue is laid in Orange county, where the plaintiff resides, and the defendant made a motion, at a special term of this court, to change the place of trial from Orange county to either Kings or Queens county for the convenience of witnesses. The motion was denied, and the defendant has appealed from the order of denial.

The defendant swears to 20 witnesses, and the plaintiff swears to 21. Assuming, as we must, that all these witnesses are deemed

necessary by the parties, the plaintiff makes the stronger case. It has been held that the motion must be denied where the numbers of witnesses are equal. Wood v. Bishop, 5 Cow. 414. But there are other controlling considerations. It is very unusual to change the place of trial from the country to the city, either the city of New York or Brooklyn. The reason is that the court calendars in those cities are large, and the uncertainties of a trial are so great that a litigant whose witnesses reside in the country encounters delays and expenses that would ordinarily deter him from the pursuit of his rights. On the other hand, a cause upon the calendar of a country circuit can always be set down for trial for a day when it will be reached and tried. In that way the convenience of witnesses is best consulted, even though they all reside in the city to which the trial is sought to be had. In this case the distance to be traveled is the same for each set of witnesses; but that has now come to be a matter of small moment. The facilities of travel have annihilated space, and distance is counted by hours and minutes. It is true the county of Queens is mentioned in the notice as an alternative county. The courts in that county are held at the courthouse in Long Island City, and the inconveniences of 21 witnesses in attending court there would be well-nigh insurmountable. Moreover, there is a difference in the situation of the parties. The plaintiff is in poor financial circumstances, and unable to transport his witnesses. The reverse is the condition of the defendant. The health of the plaintiff is shattered, and he is unable to endure fatigue. No such condition obtains with the witnesses for the defendant. The plaintiff is a resident of Orange county, and his physicians reside there likewise; so do all his friends who know his physical condition before the accident. In our view, this is not a case where the location of the transaction should control. The defendant's witnesses do not all reside either in Kings or Queens county; according to the affidavit, six of them reside in New York. Under all the circumstances surrounding the case, we think it should be retained in Orange county, and that the order should be affirmed, with $10 costs and disbursements. All concur.