### FISH v. FISH.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES—EVIDENCE.

    Plaintiff in an action for divorce lived in Montgomery county, with her husband, until a few months before the commencement of the action, when she moved to New York, and, after there obtaining a residence, brought suit in New York county. Defendant denied the charge of adultery, and alleged by counterclaim a similar charge against plaintiff, and applied for a change of the place of trial for convenience of witnesses, and alleged that he had nine material witnesses residing in Montgomery county, who were material and necessary to prove his defense. Plaintiff alleged that she had ten witnesses in New York county by whom she expected to prove her cause of action, but her affidavits failed to show advice of counsel that their testimony was material. They alleged, however, that plaintiff was without financial ability to pay the expenses of her witnesses in the trial of the case in Montgomery county. *Held*, that the application should have been granted on condition that defendant should either consent to allow testimony of plaintiff's witnesses to be taken in New York, or, at her election, that he should pay their fees as witnesses to Montgomery county.

Appeal from special term, New York county.

Action by Mary M. Fish against Leonard F. Fish for divorce. Application for a change of place of trial for convenience of witnesses.

From an order denying the application, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Edgar T. Brackett, for appellant.
Abram Kling, for respondent.

PER CURIAM. The action is brought for a divorce on the ground of adultery alleged to have been committed by the defendant in the city of Albany; and the answer contains a denial of the charge, and a counterclaim in which a similar charge is made against the plaintiff. As usually happens on motions of this character, each side endeavors to show that it has more witnesses than the other; and in the present case the defendant enumerates nine witnesses who are, he swears, necessary and material for his defense, all of whom reside in the county of Montgomery; while the plaintiff names ten witnesses, who reside in the city of New York, by whom she expects to prove her cause of action. It appears that the parties were married, and always resided, and that the defendant now resides, in Montgomery county, the same county in which the parents of the plaintiff reside, and where she herself has lived during her entire life until within a few months before the commencement of this action, when she came to New York City, and obtained, as she claims, a residence. If we were to assume, therefore, so far as the number of witnesses is concerned, that the conditions are evenly balanced, these facts are entitled to be considered also in determining the question of change of venue; but the affidavits used in opposition to the motion are fatally defective, in that they fail to show the advice of counsel that the testimony of the witnesses is material and necessary for the establishment of the plaintiff's case on the trial of the action, and therefore they cannot countervail the allegations of the moving party. We think, however, that the financial inability, as claimed, of the plaintiff, to pay the expenses of her witnesses, should be considered. Our conclusion is that, if the defendant will stipulate to allow the testimony of the plaintiff's witnesses to be taken in New York City, or, if she prefers to have them actually present at the trial, that he will pay their fees as witnesses to Montgomery county, the motion should be granted. The order accordingly should be reversed, without costs.

Order reversed, and motion granted, without costs, on defendant giving the stipulation mentioned in opinion, and, upon his refusal, order affirmed, with $10 costs and disbursements.