the hands of the present owners. At the time of the commencement of this action the interest of the bank in the mortgage was at least to the extent of the $800 note and interest thereon. The other three notes do not appear to have been paid by the makers or by the mortgagor. If paid by any one, they were presumably paid by the indorsers, Wheeler and Weir, or by one of them; and to the extent of such payment the indorser, being both or one of the mortgagees named in the mortgage, are owners of the mortgage, with a right to join with the bank in proceedings to foreclose. There is no allegation in the complaint, and no proof, that the mortgage was being foreclosed for too large a sum; only allegations that the mortgage was void at its inception on the grounds stated. The plaintiff failed to establish his alleged cause of action, and the complaint was properly dismissed.

Judgment affirmed, with costs. All concur in result, except PARKER, P. J., who dissents.

---

(62 App. Div. 505.)

### L'AMOUREUX v. ERIE R. CO.

(Supreme Court, Appellate Division, Fourth Department. June 19, 1901.)

CHANGE OF VENUE—CONDITIONS.

    In an action for damages a court has no power to impose a condition, in an order changing the place of trial for the convenience of witnesses, that the cause be sent to a referee for trial, without the consent of the parties, since the right of trial by jury in such actions is absolute.

Appeal from special term.

Action by Charles W. L'Amoureux against the Erie Railroad Company. From an order changing the place of trial, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

William H. Stanley, for appellant.
Wales & Riley, for respondent.

RUMSEY, J. The action was brought in the county of Onondaga to recover damages the plaintiff alleged he suffered by being unlawfully ejected from a train of the defendant at a place in the county of Steuben. A motion was made to change the place of trial to the county of Steuben because of the convenience of witnesses. That motion was granted upon condition that, "if the plaintiff so elects, a referee is to be appointed to hear, try, and determine the issues herein, with power to take testimony in the county of Steuben and in the county of Onondaga." From the portion of the order imposing this condition the defendant appeals.

There is no doubt that the order is appealable. Nor is there any question that the defendant, not having accepted the order, is at liberty to appeal from any part or all of it, if he sees fit. In re New York Cent. & H. R. R. Co., 60 N. Y. 112. A motion to change the place of trial of an action for the convenience of witnesses rests

largely in the discretion of the court at special term. Lane v. Town of Hancock (Sup.) 9 N. Y. Supp. 97. In such a case there is no doubt of the power of the court to impose certain conditions upon granting the order. In re Waverly Waterworks Co., 85 N. Y. 478. So long as those conditions involve only the conduct of the action and matters of procedure which the court would have the power to regulate,—such as the taking of testimony de bene esse, requiring a stipulation to be made as to certain facts, or the imposition of motion costs,—there is no doubt that they rest largely in the discretion of the court, and the imposition of them will not usually be reviewed. But where the court undertakes, as a condition of granting the order, to require a party to stipulate away an absolute right, which is substantial in its nature, it goes outside of its power. The right of trial by jury in an action of this kind is absolute, and it is one of which a party cannot be deprived in the discretion of a judge (Kain v. Delano, 11 Abb. Prac. (N. S.) 29), and actions cannot be sent to a referee for trial without the consent of the parties, except in cases where the statute expressly authorizes it. The court has no power to impose, as a condition of granting a favor, that the party should waive this constitutional right. So much of the order, therefore, as has been appealed from, should be reversed, with $10 costs and disbursements. All concur.