(38 Misc. Rep. 290.)

### BENNETT et al. v. WEED et al.

(Supreme Court, Special Term, Fulton County. June, 1902.)

1. CHANGE OF VENUE—ACTION AGAINST FIRM.

Where in an action against a firm each defendant answers separately by the same attorney, and each puts in issue the cause of action alleged, where there has been no severance, one defendant cannot have the place of trial changed to another county as the proper one as to him.

2. SAME—NOTICE OF MOTION.

Where an attorney has appeared and answered for one of the defendants, he cannot disregard such appearance and bind his client by serving upon him personally a notice of a motion for a change of venue, at the instance of the other defendant, for whom he has also appeared.

3. SAME—AFFIDAVIT.

A motion for change of venue for convenience of witnesses will be denied where the affidavit shows no reason for the belief of affiant that the witnesses named in the affidavit will testify to the facts he expects to prove by them.

4. SAME—ADVICE OF COUNSEL.

An affidavit for change of venue for convenience of witnesses is insufficient where it alleges that affiant has stated to counsel the facts which he expected to prove by witnesses, and that they were necessary, as he is advised by his counsel, where it does not state that the advice was given him as counsel after he had stated the facts.

Action by Adam M. Bennett and Merton E. House against Ermon E. Weed and George C. Mayen. Motion to change place of trial denied.

Sherwood Phillips (W. A. McDonald, of counsel), for the motion. Badger & Cantwell (John P. Badger, of counsel), opposed.

SPENCER, J. Motion by defendant Weed to change the place of trial to the proper county. The only ground set forth in the moving affidavit is the convenience of witnesses. I do not think the plaintiffs have been misled by the failure of the notice to state correctly the grounds of the motion, and therefore their preliminary objection thereto is overruled. But I think the motion must be denied on other grounds. The defendants are sued as copartners They both appear by the same attorney, and answer separately. Both answers put in issue the cause of action set up in the complaint. Without a severance, it would be absurd to change the venue to Dutchess county as to one defendant. and retain the venue in Franklin county as to the other defendant. Such, however, would be the result were this motion granted. The attempt to bind the defendant Mayen by service of the notice of motion upon him personally, after appearance and answer in his behalf by the attorney making the motion, is something anomalous in this court, and a practice that must be condemned. The service of a notice of motion upon a party personally

after there has been a general appearance by an attorney in his behalf is nugatory. A general appearance by an attorney in behalf of one of the parties to an action is good until set aside by the court, and cannot be disregarded by an opposite party. An attorney who has appeared and answered for one of the parties in an action cannot be allowed to disregard such appearance, and seek to bind his client by the service of a notice of motion upon him personally.

The moving affidavit is clearly defective, in that it does not show any reason for the belief of the affiant that the witnesses named in his affidavit will testify to the facts he expects to prove by them. Chapin v. Overin, 72 Hun, 517, 25 N. Y. Supp. 627.

I am also inclined to the opinion that there is a further defect in the affidavit in that, while the affiant says that he has fully and fairly stated to his counsel the facts which he expects to prove by the witnesses named, and that such witnesses are material and necessary for his defense, as he is advised by his counsel and verily believes, he nevertheless omits to state that the advice of counsel was after the statement of the facts to him as such counsel. He leaves this to be inferred. I see no reason for relaxing the strict requirements of the rule in this respect.

The moving defendant's answer is so curiously constructed that it is difficult to determine just what issues are involved. Both of the alleged counterclaims have an air of insincerity about them, and betray indications that they were interposed chiefly for the purpose of this motion. The second counterclaim is not sufficiently alleged, even if the damages demanded were available, which I seriously doubt. Excluding those witnesses whose testimony relates solely to the second counterclaim, the moving defendant has no greater number of witnesses than the plaintiffs, as appears by their affidavits.

Motion denied, with costs.