### RIEGER et al. v. PULASKI GLOVE CO.

(Supreme Court, Appellate Division, First Department. June 20, 1906.)

1. VENUE—CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

> A change of venue to defendant's county, on account of the convenience of defendant's witnesses, will not be defeated in the absence of a proper showing of convenience to plaintiff's witnesses, solely on the ground that 6 of the 9 witnesses named in the defendant's affidavits are in some manner connected with defendant company.
>
> [Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, §§ 76, 77.]

2. SAME—REQUISITE FOR AFFIDAVITS.

> Affidavits seeking to show that a change of venue to defendant's county will inconvenience plaintiff's witnesses, which do not give the names, addresses or occupation of such witnesses, but name partnerships rather than the members thereof, and which, while stating certain expected testimony do not state that plaintiffs are advised by counsel that the testimony of such witnesses is material and necessary, and fail to state that the individuals named will swear to any material fact, are fatally defective.
>
> [Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, § 119.]

Appeal from Special Term, New York County.

Action by Frank Rieger against the Pulaski Glove Company. From an order denying motion to change place of trial, defendant appeals. Reversed and order granted.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

Irving G. Hubbs, for appellant.
Arthur L. Davis, for respondents.

PATTERSON, J. The defendant appeals from an order denying a motion to change the place of trial of this action from the county of New York to the county of Oswego. The plaintiffs seek to recover the sum of $2,190, as damages for the failure of the defendant to deliver goods, which the former claim the latter contracted to sell to them. There are four causes of action set forth in the complaint, each being based upon a separate contract. The defendant admits in its answer that two contracts were made but asserts that all the goods covered by such contracts were delivered and a certain amount in excess thereof. It alleges that the third contract was a conditional one; that the condition could not be performed; and that, therefore, that contract became inoperative. The defendant also sets forth in its answer that the fourth alleged contract never was made, and, further, that the plaintiffs refused to pay for goods delivered, and for that reason further orders were canceled. It also sets up a counterclaim for the value of the goods that were shipped to the plaintiffs and not paid for by them. The plaintiffs replied to the counterclaim. The defendant moved to change the venue for the convenience of witnesses and set forth the names of nine persons whose testimony would be material and was necessary on its behalf at the trial.

The contracts were made at the defendant's place of business at Pulaski, in Oswego county. The defendant's affidavits are strictly in accordance with the requirements of law; the necessity of the testi-

mony of the witnesses named by the defendant is shown; the materiality of that testimony is made to appear; that the witnesses will testify to specific material facts is also stated and the advice of counsel to that effect is also sworn to.   The only criticism relating to the merits of the defendant's application is that the witnesses or most of them are in some way connected with the defendant as officers or employés. Three of such witnesses are not officers or employés of the defendant, and although the others are connected with it, there is no reason why their convenience should not be regarded, unless it plainly appears that the plaintiffs have witnesses residing in the city of New York whose convenience should also be considered.   The attempt was made by the plaintiffs to show that a large number of witnesses are required to substantiate the plaintiffs' cause of action; but the affidavits presented are fatally defective.   It is stated that the plaintiffs will call as witnesses many merchants to prove their damages and to show the condition of the market in New York.   They do not give the names, addresses, or occupations of individual witnesses, except three, but they mention 12 or more partnerships, without naming the particular members of either of such partnerships whose testimony is desired. The affidavit of Altmark on behalf of the plaintiffs merely says that:

"The plaintiffs having sued for damages in this action because of the alleged failure on the part of the defendant to carry out the terms of the contracts set forth in the complaint, the plaintiffs will call as witnesses a large number of merchants in the city of New York, whose testimony will be necessary and material in behalf of the plaintiffs to prove their damages in that each and every one of them has made claim against the plaintiffs, to deliver to them the very goods which the plaintiffs bought from the defendant and sold to the said merchants on orders given to the plaintiffs by the said merchants.   It will be necessary to show by the said merchants the state of the market at the time when these goods were to be delivered; and the prevailing price of the same in the open market, and the price which they had to pay for them in order to obtain the goods, and which the plaintiffs were unable to deliver on account of the failure of the defendant to carry out the said contracts."

It is not stated that the plaintiffs are advised by counsel that the testimony of such witnesses is material and necessary, nor that the individuals named will swear to any material fact.   It is the rule that the absence of such a statement as to the advice of counsel constitutes a fatal defect, and cannot countervail allegations of the moving party. That was held by this court in Fish v. Fish, 61 App. Div. 572, 70 N. Y. Supp. 900.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to change the place of trial to Oswego county should be granted, with $10 costs.   All concur.