(115 App. Div. 188)

### J. P. LEWIS CO. v. PHŒNIX CAR CO.

(Supreme Court, Appellate Division, Fourth Department. October 17, 1906.)

1. VENUE—GROUNDS OF CHANGE—CONVENIENCE OF WITNESSES.

While under Supreme Court Rule No. 48 the place where the transaction involved arose is a circumstance to be taken into consideration in the disposition of a motion to change the place of trial, and the fact that the transaction arose in New York City is, in a close case, regarded by the

court as potential, where the affidavits show overwhelmingly that the convenience of witnesses will be subserved by disregarding that provision of the rule, its importance as a circumstance will be overborne.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, §§ 76, 77.]

**2. SAME—SUFFICIENCY OF SHOWING.**

Where defendant corporation, in an action for goods sold and delivered to it by plaintiff, a corporation in Lewis county, claimed, on a motion for change of place of trial to New York City, that it purchased goods of a brokerage firm in such city wherein defendant did business, and that the account of such firm had been adjusted, but the affidavit of the officer of the brokerage firm, by whom defendant expected to prove the fact of the adjustment, denied that the same was made, and further stated that the firm had no interest in the sale except to the extent of the commissions agreed to be paid it by plaintiff, defendant was not entitled to a change of place of trial.

**3. SAME—CONDITIONS· PRECEDENT—COMPULSORY REFERENCE.**

A plaintiff entitled to a jury trial, in an action to recover for goods sold and delivered, cannot be compelled to forego such right and to consent to a reference as a condition of retaining the place of trial in the county wherein he does business.

Appeal from Special Term, Lewis County.

Action by the J. P. Lewis Company against the Phœnix Car Company. From an order granting defendant a change of place of trial, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

W. B. Van Alen, for appellant.
Geo. H. Bobb, for respondent.

SPRING, J.   The action is to recover for goods sold and delivered by the plaintiff, a domestic corporation in Lewis county, to the defendant, a like corporation doing business in New York City.   The answer is a general denial, so that by the pleadings the only issue between the parties is the sale and delivery of the goods.   On this issue the defendant really has no witnesses whatever to disprove the sale of the goods, or that the price was for the sum alleged in the complaint, or the actual delivery to it.   On behalf of the plaintiff, it appears that it can establish the sale and shipment of the goods by four witnesses. The ground of the application is the convenience of the witnesses, and upon the only issue tendered by the pleadings the plaintiff has four, while the defendant, upon a fair construction of what is expected to be proved by it, seems to be without witnesses.

The defendant lays much stress upon the fact that the transaction arose in New York City.   In a close case that fact is potential, and this court has always so regarded it.   But it must be borne in mind that the application is for the convenience of witnesses, and the place where the transaction arose is a "circumstance to be taken into consideration" (rule 48), in the disposition of the motion, although, as already suggested, it is a very significant and often the controlling circumstance.   Where, however, the affidavits show overwhelmingly that the convenience of the witnesses will be subserved by disregarding that provision, its importance as a circumstance will be overborne.

But, when we come to look at what the defendant evidently considers its real defense, it is in a much more unfortunate plight. Its claim is, and the proof shows, that these goods were purchased by it of the New York Box, Board & Paper Company, a brokerage firm in New York which made the sale on behalf of the plaintiff. The sales order shows that the sale was made by this intermediary representing the plaintiff, and that the goods were shipped directly to the defendant, and they were to be charged to and paid for by it. The defendant, however, claims that it purchased the goods of the box company, and that "the account" with it "has been adjusted," although no such defense is contained in the answer. The defendant expects to prove the fact of this adjustment by Mr. Butler, the president of the box company; but the record contains the affidavit of that officer denying that any such adjustment was made, and further states that the box company had no interest in the sale except to the extent of the commissions which the plaintiff agreed to pay it for making the sale. In view of these affidavits we think the defendant failed to make a case justifying the change of the place of trial.

There is one other matter which it may not be inappropriate to refer to. The order in the present case grants the motion, unless the plaintiff consents to a reference and with authority in the referee "to take evidence in the counties of Lewis and New York." The action is not one where the court may order a compulsory reference. The plaintiff is entitled to have the issues disposed of by a jury. It cannot be compelled to forego this right and to consent to a reference as a condition of retaining the place of trial in Lewis county. L'Amoreaux v. Erie Railroad Co., 62 App. Div. 505, 71 N. Y. Supp. 70. The condition ingrafted in the order is unwarranted and savors of an attempt to compel the plaintiff to assent to a reference of the action or be compelled to try his case in New York county, even though the affidavits show the change ought not to be made.

The order should be reversed, with $10 costs and disbursements of this appeal, and the motion denied, with $10 costs.

Order reversed, with $10 costs and disbursements of this appeal, and the motion denied, with $10 costs. All concur.