In this jumble of requests the judge below did not pick out that for the hour of the day and grant it (which is made the chief grievance here), and he was entirely justified in not doing so. If that is what the defendant wanted he should have asked for it specifically, and shown that he needed it.

If the defendants' automobile was not there at all, that can easily be made to appear on the trial. The defendant can prove it was not there at all on the day of the accident as easily as that it was not there at some particular hour that day. This is not like the case of a street car accident, where the company may require the hour of the day in order to identify the car out of many cars. We must allow the judgment and discretion of judges of first instances to have some weight, for the sake of the respect due to them in the administration of justice, and which may very easily be impaired by us, if for no other reason. It cannot be said that the judge below did not exercise good judgment and discretion in this instance. The lack thereof is wholly on the side of the defendant.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

---

(53 Misc. Rep. 22)

### MOLE v. NEW YORK, O. & W. R. CO.

(Supreme Court, Special Term, Orange County. January 5, 1907.)

1. VENUE—CHANGE—CONVENIENCE OF WITNESSES—AFFIDAVIT.
   Where an affidavit for a change of the place of trial for convenience of witnesses merely alleged that the moving defendant expected to prove certain facts by the witnesses named, but did not state that such facts could be proved by those witnesses, and did not disclose grounds showing that the facts could probably be established by them, it was insufficient.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, § 119.]

2. SAME—EFFECT OF CHANGE.
   The fact that plaintiff was a poor man, and that a change of place of trial desired by defendant would practically defeat plaintiff's cause of action, was a sufficient controlling consideration to justify a denial of the change.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 76, 77.]

3. SAME—CONVENIENCE OF EXPERTS.
   The convenience of expert witnesses is not to be consulted in determining a motion to change the place of trial for the convenience of witnesses.

4. MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—VENUE.
   An action for injuries to a servant of a railroad company was properly brought in a county through which the railroad operates its line and in which it owns property and has a place for the regular transaction of business.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 807.]

Action by Francisco Mole against the New York, Ontario & Western Railroad Company. On motion for change of the place of trial. Denied.

Martin T. Manton, for plaintiff.
Howard D. Newton, for defendant.

MORSCHAUSER, J.    This motion is made by the defendant to change the place of trial upon the ground of convenience of witnesses, and that the county designated, viz., Orange county, is not the proper county, and that the same should be changed to Oneida county, the county wherein plaintiff was injured.

Plaintiff sustained the injuries at South Loop, Oneida county, this state, while he was employed by defendant upon a work train on defendant's railroad.    The negligence and injuries are denied by the defendant.    In the affidavit stating the names of the witnesses who will be convenienced by a change of the place of trial, it is simply stated that the moving defendant expects to prove certain facts by the witnesses named; but it is nowhere stated that those facts can be proven by those witnesses, nor do the affidavits disclose grounds showing that the facts can probably be established by the persons designated, and it is insufficient.    Lyman v. Gramercy Club, 28 App. Div. 34, 50 N. Y Supp. 1004; Hayes v. Garson, 25 App. Div. 115, 49 N. Y. Supp. 220   White v. Hall, 8 App. Div. 618, 40 N. Y. Supp. 945.

It further appears that the plaintiff is a poor man, and the change of the place of trial to Oneida county would practically defeat his cause of action, as nearly all the witnesses for the defendant are its employés, except the expert witnesses.    This is a sufficient controlling consideration to deny the change of place of trial.    The plaintiff, being in poor financial circumstances, would be unable to transport his witnesses to Oneida county, and this is a case where the location of the happening of the accident should not control.    Tuthill v. Long Island Railroad Co., 75 Hun, 556, 26 N. Y. Supp. 1029.    The convenience of expert witnesses is not consulted in deciding the question as to changing the place of trial.    Adriance, Platt & Co. v. Conn, 15 App. Div. 92, 44 N. Y. Supp. 288; Bushnell v. Durant, 83 Hun, 32, 31 N. Y. Supp. 608.

The defendant operates its railroad through Orange county, in which it owns property and has a place for the regular transaction of business, and the action was properly brought in that county.    Poland v. United Traction Co., 88 App. Div. 281, 85 N. Y. Supp. 7.

The motion to change the place of trial is denied, with $10 costs to the plaintiff to abide event.