## ROWE v. CHARLES H. DITSON CO.

(Supreme Court, Special Term, Tompkins County.   April 8, 1913.)

VENUE (§ 52½*)—PLACE OF TRIAL.

Where it cannot be determined which party may have the largest number of witnesses who would be convenienced by change of place of trial if the place of trial were changed as moved for by defendant, and plaintiff would have to abandon her action because of her physical and financial inability to try the action in the proposed place of trial, the motion to change will be denied.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 78;  Dec. Dig. § 52½.*]

Action by Mildred Rowe against the Charles H. Ditson Company. On motion to change the place of trial.   Motion denied.

Miller & Stephens, of Ithaca, for plaintiff.

Olney & Comstock, of New York City (Howard Cobb, of Ithaca, of counsel), for defendant.

KILEY, J.   This is a motion to change the place of trial of the above-entitled action from Tompkins county to New York county, or some county adjoining thereto.   The motion is made under section 987 of the Code of Civil Procedure; the particular ground being the convenience of witnesses, and that the ends of justice will be promoted by the change.

The plaintiff in her complaint alleges that she negotiated with the defendant for the purchase of a harp, and that in consideration of said purchase, and of other covenants and agreements, the defendant undertook to teach her the art of playing the harp, and did enter upon such instruction under said contract, and that by reason of incompetency and neglect on the part of the instructor furnished by the defendant the plaintiff became nervous, sick, and acquired, by reason of such negligence, permanent injury.   The defendant denies the contract, and also denies the causes alleged in the complaint to have resulted therefrom, and further alleges that the plaintiff was guilty of contributory negligence.

It will be observed that the first question to be decided by a jury is whether there was such a contract as alleged by the plaintiff in her complaint; but it will also be observed that all of the issues tendered by the pleadings must be submitted to the same jury upon the same trial, and that the witnesses described in the moving papers as being necessary to each of the parties will have to be used, if at all, before any decision can be had upon the questions arising under the pleadings in this action.   The court is bound to assume, after an examination of the papers, that each of the parties will need for the purposes of the trial the witnesses enumerated in their affidavits.   Some of those witnesses are expert witnesses, whose convenience cannot be taken into consideration.   Some of the plaintiff's witnesses have both characters, that of expert and nonexpert, viz., the medical witnesses who knew her before her present condition as alleged in the complaint.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is impossible to figure out just which of these parties would have the largest number of witnesses to which the court can give consideration in determining this motion; and, that being so, I am of the opinion that other considerations, which have heretofore entered into these kind of motions, should be given some weight in determining this one; and, while the determination is not based wholly upon the ground now referred to, I think that, as the affidavits show that the plaintiff will have to abandon her action if she is to try it in the county of New York, or in an adjoining county, and that she is unable financially and physically to meet such a change, the granting of this motion might result in a victory of might over right—in other words, the financial condition of the defendant prevail over the lack of finances and health on the part of the plaintiff—and that the cases of Tuthill v. Long Island Railroad Co., 75 Hun, 556, 26 N. Y. Supp. 1029, and of Mole v. New York, Ontario & Western Railroad Co., 53 Misc. Rep. 22, 102 N. Y. Supp. 308, should be followed in deciding this motion.

The motion is therefore denied, with $10 costs to the plaintiff.