DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., Plaintiff, v. JACOB A. BRUNDO, Defendant.

Supreme Court, Oneida County, October 21, 1927.

Trial — place of trial — change from Oneida to Kings county — action by domestic corporation — county designated in certificate of incorporation as principal place of business is proper county in which to lay venue — affidavits for change of trial on ground of convenience of witnesses not sufficient — trial should not be changed from rural to urban county for convenience of witnesses — rule as to transitory actions not controlling — motion to change place of trial denied.

A motion by the defendant to change the place of trial from Oneida county to Kings county on the ground that Oneida county is not the proper county since the plaintiff has a place of business and transacts a large part of its business in Kings county is denied, since it appears that the plaintiff is a domestic corporation and that its certificate of incorporation designates Utica, Oneida county, N. Y., as its principal place of business. The place designated in the certificate determines the county of residence of the plaintiff.

The motion to change the place of trial on the ground of convenience of witnesses is denied since the affidavits by the defendant are insufficient to comply with the rules.

Furthermore, the motion should be denied on the ground that to grant the motion would be to transfer the case from a rural county where the calendars are not congested to an urban county where there would be long delay in reaching the case. This the courts will not do.

The rule that transitory actions should be tried in the county where the cause of action arose will not be applied when to do so would send an action from a rural county to an urban county.

MOTION by defendant to change place of trial of the above-entitled action from Oneida county to Kings county.

*Willard R. Pratt,* for the motion.

*Bradley Fuller,* opposed.

EDGCOMB, J. Defendant moves to change the place of trial of the the above-entitled action from Oneida county to Kings county upon two grounds: (1) That the county designated for that purpose in the complaint is not the proper county; (2) that the convenience of witnesses and the ends of justice will be promoted by the proposed change.

Defendant is a resident of Kings county. He alleges that the principal place of business of the plaintiff is in the borough of Manhattan, city and county of New York, where, concededly, plaintiff maintains an office and transacts a large part of his business. The articles of incorporation of the plaintiff, however, designate Utica, Oneida county, as its principal place of business. That fixes its residence. The fact that plaintiff maintains an office in

New York city where a large part of its business is actually transacted does not change its residence. That can only be done as provided by statute. (*Rossie Iron Works* v. *Westbrook*, 59 Hun, 345; *Speare* v. *Troy Laundry Mchy. Co.*, 44 App. Div. 390; *Remington & Sherman Co.* v. *Niagara Bank*, 54 id. 358.)

The rule applicable to a railroad company, giving to it a residence in each county through which its road runs, does not apply to the ordinary domestic corporation having its principal place of business fixed by its certificate of incorporation and maintaining offices in different counties where it transacts a part, or even a larger part of its business. (*Poland* v. *United Traction Co.*, 88 App. Div. 281; affd., on opinion below, 177 N. Y. 557; *General Baking Co.* v. *Daniell*, 181 App. Div. 501.)

It must be held, therefore, that Oneida county, designated in the complaint as the place of trial, is the proper county, and that the defendant is not entitled to the relief asked for, unless it be upon the theory that the convenience of witnesses and the ends of justice will be promoted by such change.

The courts have found it necessary to lay down and enforce certain well-defined and settled rules regulating motions to change the place of trial of an action for the convenience of witnesses, and to require certain information to be stated in the moving papers, not for the purpose of being technical, but rather to guard against imposition and an unwitting erroneous decision of the motion. The moving papers in the case at bar violate practically every such rule, and are insufficient to warrant the granting of this motion.

An affidavit of merits is necessary in a motion of this character. None is contained in the moving papers. (*White* v. *Hall*, 8 App. Div. 618.)

The moving party must show that he has fully and fairly stated to his counsel what he expects to prove by the alleged witnesses, and that he cannot safely proceed to trial without the testimony of such witnesses, as he is advised by his counsel after such statement, and as he verily believes. No such allegation is found in defendant's affidavits. (*Rieger* v. *Pulaski Glove Co.*, 114 App. Div. 174; *Fish* v. *Fish*, 61 id. 572; *Chapin* v. *Overin*, 72 Hun, 514; *Carpenter* v. *Continental Ins. Co.*, 31 id. 78; *Bennett* v. *Weed*, 38 Misc. 290; *Randerson* v. *White Star Towing Co.*, 26 id. 305.)

A party seeking a change of venue for the convenience of witnesses is also required to disclose the facts which the proposed witnesses will testify to upon the trial, so that the court may judge whether the witnesses are necessary and material. (*Rieger* v. *Pulaski Glove Co.*, 114 App. Div. 174; *Tuska* v. *Wood*, 81 Hun, 79;

550    Dairymen's League Co-Operative Assn., Inc., *v.* Brundo.

Supreme Court, October, 1927.                    [Vol. 131

*Sawyer* v. *Clark*, 37 N. Y. St. Repr. 932; *Price* v. *Ft. Edward Water Works Co.*, 16 How. Pr. 51; *American Exch. Bank* v. *Hill*, 22 id. 29.)

It must also appear that the affiant has good grounds for his belief that the witnesses will testify as stated. It has been held fatal to allege that the movant " expects " to prove certain facts by certain witnesses. Motions of this character cannot be founded on " great expectations." (*Thurfjell* v. *Witherbee*, 70 Hun, 401; *Lyman* v. *Gramercy Club*, 28 App. Div. 30.)

The moving affidavits violate all of the above rules. They state that the defendant will call two employees of the plaintiff, seven of his own present or former employees or business associates, and two employees of the New York Central Railroad Company as witnesses upon the trial. Outside of a statement that the two employees of the plaintiff will testify that the total indebtedness of the defendant to the plaintiff did not exceed the sum of $200, there is no statement whatever as to what any witness will testify to, except the general statement that they are in a position to testify to the purchase, sale and delivery of milk. Whether such testimony will substantiate defendant's claim or not, we are not even told.

There is nothing in the moving affidavits which would warrant the court in granting the relief sought.

The motion must be denied for another reason. For more than a century it has been the rule not to change the place of trial from a rural to a metropolitan county for the accommodation of witnesses. (*Carvel Court Realty Co.* v. *Jonas*, 195 App. Div. 662; *Assets Collecting Co.* v. *Equitable Trust Co.*, 168 id. 145; *Mills* v. *Sparrow*, 131 id. 241; *Kavanaugh* v. *Mercantile Trust Co.*, 94 id. 575; *Hirshkind* v. *Mayer*, 91 id. 416; *Quinn* v. *Brooklyn Heights R. R. Co.*, 88 id. 57; *McCready* v. *Haight*, 22 id. 632; *Tuthill* v. *Long Island R. R. Co.*, 75 Hun, 556; *Abrahams* v. *Bensen*, 22 id. 605; *Buffalo Wholesale Hardware Co.* v. *Hodgeboom*, 90 Misc. 53; *Harris* v. *Regorson Corp.*, 170 N. Y. Supp. 866; *Olinsky* v. *Weinstein*, 166 id. 613; *Daley* v. *Hellman*, 16 id. 689; *King* v. *Vanderbilt*, 7 How. Pr. 385.)

Getting away from a court house is as important to a witness as getting to it. The convenience of witnesses is not exclusively subserved by consideration of accessibility. The condition of the calendar is equally important. (*Archer* v. *McIlravy*, 86 App. Div. 512.)

The calendars of Oneida county are not overcrowded. Cases can be reached speedily; if not the first term it is on the calendar, at least the second. Not so in Kings county. There the calendars are congested, and great delay is encountered in getting a case to trial. Upon the argument of this motion, my attention has been called to subdivision 1 of rule 6 of the Rules of the Trial Terms for

New York county, which provides that in an action where the plaintiff seeks to recover for goods sold and accepted, either party may, after the cause has been placed upon the General Calendar, apply to the justice holding Part II for an order placing the cause upon the Reserve Calendar for a day certain. Defendant insists that under this rule a speedy trial of this action could be had in New York county. My attention has not been called to any similar rule prevailing in Kings county. Defendant suggests that he would be willing to try this case in New York county. My experience in New York county would not warrant me in holding that a speedy trial of this action could be had there, even under the rule referred to. There is nothing in this rule which compels the court to prefer a case of this nature over other causes, and whether such motion would be granted or not is very problematical. An examination of the complaint shows that many items are involved, and that undoubtedly the examination of a long account will be involved in the trial of this action. Whether the case is referable or not is not before me at the present time. It is apparent that considerable time will be taken in the trial of this action, if the various items mentioned in the complaint are gone into. I do not believe that it is at all certain that a case which involves as many items as this one does, and which will take as long to try as this apparently will, would be pushed to the front, ahead of other cases, under the rule above referred to. At any rate, when the calendars of New York county are as congested as they are at present, and when there is a long delay in reaching causes for trial, and when upstate judges are constantly being pressed into service in the metropolitan district to help keep abreast of the business of the courts, I do not believe that cases brought in rural counties, where they can be tried promptly, should be sent to either New York or Kings county to add to the congestion there, and the delay which is causing so much criticism in the administration of justice.

I am not unmindful of the well-established rule that in transitory actions, other things being equal, the place where the cause of action arose is the proper county in which to try the action. That rule, however, is not universal. (*Perry* v. *Boomhauer*, 43 N. Y. St. Repr. 375; *Tuthill* v. *Long Island R. R. Co.*, 75 Hun, 556; *Lewis Co.* v. *Phœnix Cap Co.*, 115 App. Div. 188.)

Where the above rule clashes with the rule requiring the place of trial to be retained in a rural county rather than to send it to New York or Kings county, the former must yield to the latter. Besides, it is not certain from the papers before me that this cause of action did arise in Kings county. Defendant claims it did. Plaintiff insists that it did not.

For the above reasons the motion is denied, with ten dollars costs.