DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., Plaintiff, v. EASTERN FARMS PRODUCTS, INC., Defendant.

Supreme Court, Special Term, Onondaga County, August 17, 1950.

*David Sugarman* for defendant.

*Maurice A. Gellis* for plaintiff.

SEARL, J. Change of venue is sought by defendant from the county of Oneida to the counties either of New York or Kings. Under ordinary conditions venue will not be changed from a rural to an urban county (*Dairymen's League Co-Operative Assn.* v. *Brundo,* 131 Misc. 548) in spite of the rule that transitory actions should usually be tried in the county where the cause of action arose.

In the instant case, the contract out of which this litigation arose was made in New York County. Defendant's moving papers set forth several witnesses claimed to be material and necessary, among them being the president of defendant corporation, as well as two attorneys who acted in behalf of the defendant in negotiation of the contract. It is true that the Fourth Department has held in *Parkill* v. *New England Furniture & Carpet Co.* (211 App. Div. 871) that the " convenience of witnesses who are employees of one party and the convenience of witnesses who are members of the immediate family of the other party, while not necessarily to be entirely disregarded, are usually in effect the same as the convenience of the parties themselves." (*Hoffman* v. *Boston & Maine R. R.,* 259 App. Div. 958.)

Were it not for the fact that the moving papers indicate that a preference can and will be obtained in either Kings or New York County for the trial of a contract or commercial action, either with or without a jury, the court would be inclined to deny defendant's application. The moving papers indicate that an action of this nature can be reached in New York County in three months, if placed upon the jury calendar, and can be reached immediately, if placed as a preference on the nonjury calendar. The plaintiff has delayed apparently some two years

after plaintiff's cause of action accrued before actually commencing the action. As the case is of recent issue it could not be reached for at least a period in excess of three months on the Oneida County calendar, as no preference could there be granted because of the fact that the action is commercial or contract in nature.

From a common sense standpoint, the contract having been made in New York City, the majority of witnesses living in that section, with the likelihood of trial several months sooner if tried there, the court should properly grant defendant's motion.

If defendant stipulates within ten days from entry of an order hereon not to oppose a preference, provided the action is placed on the calendar in New York County, an order may be made changing the place of trial from Oneida to New York County. In the event defendant refuses, or neglects, to so stipulate, an application may be made by plaintiff to vacate this order. The situation, so far as reaching cases for a speedy trial is concerned, in urban counties, such as New York or Kings, where a preference can be claimed, has changed vastly since the opinion of Justice EDGCOMB in *Dairymen's League Co-Operative Assn.*, v. *Brundo* (*supra*).

Order accordingly.