■ RADATRON, INC., Respondent, v. Z. Z. AUTO TELEPHONE, INC., Appellant. — Order unanimously affirmed, with costs to respondent, without prejudice to the right of appellant, if so advised, to renew the motion on sufficient papers. Memorandum: In support of its motion to change the venue of this action upon a contract from Niagara County, plaintiff's county of residence, to New York County, defendant's county residence, defendant has named several witnesses whom it asserts " would have to be witnesses to testify to the fact that the devices [sold by plaintiff to defendant under the contract] were fraudulently misrepresented and advertised and not as warranted in that they were Single rather than Dual Band devices ". It appears that many of defendant's proposed witnesses do not live in New York County, and one even lives in New Jersey. The latter, of course, may not be considered in any event (*Saranac Truck Rental* v. *Davis White Co.*, 12 A D 2d 876). In its supporting affidavit

defendant states: "The curious thing is that it is presently unknown whether these witnesses including those above named would voluntarily come to court or whether they would have to be subpœnaed". Thus, it is apparent that defendant has not interviewed its proposed witnesses, does not know what their testimony will be, or, indeed, whether they are available to it as witnesses. In order to carry its burden to demonstrate that the convenience of witnesses requires that the venue be changed to its county of residence, particularly in the face of the strong assertion by the plaintiff that the goods sold were as represented, defendant must make a bona fide showing and must not only name its witnesses but make it clear to the court that the witnesses have been contacted and will testify in behalf of the defendant; and defendant should specify the substance of the testimony which it is claimed each such witness will give, and state that upon advice of counsel it is believed that such testimony will be material and necessary upon the trial of the action. (*Francis* v. *Jenks*, 28 A D 2d 1007; *Bernstein* v. *McKane*, 3 A D 2d 764; *Baker* v. *Pollak & Sons*, 277 App. Div. 11; *McDermott* v. *McDermott*, 267 App. Div. 171; *Rieger* v. *Pulaski Glove Co.*, 114 App. Div. 174; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 510.14.) We deem it appropriate to permit defendant, if so advised, to renew its application on papers which comply with the above suggested standard. (Appeal from order of Niagara Special Term denying motion to change venue.) Present — Bastow, P. J., Goldman, Marsh, Witmer and Henry, JJ.